# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

SHAYA EIDELMAN, on behalf of himself
and all others similarly situated,

       Plaintiff,

      vs.

THE SUN PRODUCTS CORPORATION
and COSTCO WHOLESALE
CORPORATION,

       Defendants.

Civil Action No. 7:16-cv-03914-NSR

## DEFENDANTS' RESPONSE TO PLAINTIFF'S
## COUNTER-STATEMENT OF MATERIAL FACTS IN SUPPORT OF PLAINTIFF'S
## MOTION FOR SUMMARY JUDGMENT AND STATEMENT OF
## ADDITIONAL MATERIAL FACTS CONCERNING PLAINTIFF'S MOTION FOR
## SUMMARY JUDGMENT

Manatt, Phelps & Phillips, LLP
7 Times Square
New York, NY  10036
(212) 790-4500

Attorneys for Defendants
The Sun Products Corporation and
Costco Wholesale Corporation

Pursuant to Local Civil Rule 56.1 of the United States District Courts for the Southern and Eastern Districts of New York ("Local Civil Rule 56.1"), Defendants The Sun Products Corporation ("Sun Products") and Costco Wholesale Corporation ("Costco") respectfully submit the following response to Plaintiff Shaya Eidelman's ("Plaintiff") Counter-Statement of Undisputed Material Facts in Support of the Cross-Motion for Partial Summary Judgment. Pursuant to Local Civil Rule 56.1, Defendants set forth correspondingly numbered paragraphs responding to each numbered paragraph in Plaintiff's statement, *see* ¶ 1 through ¶ 93. Pursuant to Local Civil Rule 56.1, Defendants set forth additional paragraphs containing a separate, short and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried with respect to the Plaintiff's motion for summary judgment, *see* ¶ 94 through ¶ 177.[1]

## STATEMENT NO. 1:

Plaintiff purchased a bottle of Sun's liquid laundry detergent, *All Free Clear Plus* ("AFC+" or the "product" or the "challenged product") manufactured, marketed and sold by Sun at the Nanuet Costco store location ("Nanuet Costco") on March 8, 2017.

## RESPONSE TO STATEMENT NO. 1:

Defendants do not dispute that Plaintiff purchased a single bottle of all® free clear PLUS+ liquid laundry detergent ("White Bottle" or "Product") from the Costco warehouse in Nanuet, New York, on March 8, 2016 (not 2017). (Topper Ex. 4, Eidelman Tr. at 33:3-11;

---

[1] Defendants' response uses the same citation conventions as set forth in the accompanying Reply Memorandum of Law in Support of Defendants' Motion for Summary Judgment and in Opposition to Plaintiff's Motion for Summary Judgment. Capitalized terms used herein and not defined herein are defined in this accompanying memorandum, which is referred to herein as the Opposition. Defendants object to all headings set forth in Plaintiff's statement, which are not reproduced herein, as attorney argument without citation to evidence that would be admissible, as required by Local Civil Rule 56.1.

Topper Ex. 3 at p. 6; Declaration of George Cassidy in Support of Defendants' Motion for Summary Judgment, dated November 21, 2019 ("GC") ¶ 42)  Defendants otherwise object to Statement No. 1 on the grounds that it lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1, for the purported factual assertions set forth therein. Statement No. 1 does not cite any evidence in violation of Local Civil Rule 56.1

**STATEMENT NO. 2:**

The cost of the bottle of AFC+, which Plaintiff paid, was $15.79. Exh. 24 (Receipt of purchase).

**RESPONSE TO STATEMENT NO. 2:**

Defendants do not dispute that Plaintiff paid $15.79 for the White Bottle.  (GSG Ex. 24; Topper Ex. 4, Eidelman Tr. at 98:23-99:6; GC ¶ 42, Ex. 8D)

**STATEMENT NO. 3:**

There was no promotion ongoing at the Nanuet Costco for AFC+ at the time of the Plaintiff's purchase of the AFC+ on March 8, 2017.  *Id*.

**RESPONSE TO STATEMENT NO. 3:**

Defendants do not dispute that no MVM or other discounts applied to the White Bottle on March 6, 2016 in New York Costco warehouses.  (GC ¶ 45)  Statement No. 3 lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1, for the purported factual assertions set forth therein.  Statement No. 3 includes only an "*Id.*" citation.  To the extent that citation is meant to refer to GSG Ex. 24, the last citation in Statement No. 2, that document does not support the purported factual assertion set forth in Statement No. 3.

2

**STATEMENT NO. 4:**

Plaintiff was in the liquid detergent aisle at the Nanuet Costco that day and read on the label of the AFC+ product that it was the "number one" detergent product "recommended by dermatologists" Eidelman Dep. p. 213:5-7, and that's what "popped out" at him (Edelman [sic] Dep. 213:6-7, annexed to Graifman Decl. as Exh. 17; *See also* Declaration of Shaya Eidelman dated January 21, 2020 ("Eidelman Decl.") ¶¶ 2-3)).

**RESPONSE TO STATEMENT NO. 4:**

Disputed.  Defendants object to Statement No. 4 on the ground that the Eidelman Declaration is not consistent with Plaintiff's deposition testimony in which he stated that he did not read the entire front label or any of the back label of the White Bottle on March 8, 2016. (Topper 6.2 Ex. 3, Eidelman Tr. at 203:10-208:22, 223:2-12)  Plaintiff admitted at his deposition that the White Bottle label provided him with accurate information once he actually read the words on the label.  (Topper Ex. 4, Eidelman Tr. 38:8-18)  Defendants do not dispute that Plaintiff testified at his deposition, "Number one recommended by dermatologists,  That's what popped out at me".  (GSG Ex. 17 at 212:24-213:7)

**STATEMENT NO. 5:**

The #1 recommendation caused him to purchase the product, which he believed was the #1 recommended product based on the label.  *Id.*

**RESPONSE TO STATEMENT NO. 5:**

Disputed.  Statement No. 5 lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1, for the purported factual assertions set forth therein. Statement No. 5 includes only an "*Id.*" citation.  To the extent that citation is meant to refer to ¶ 2-3 of the Eidelman Declaration, the last citation in Statement No. 4, those paragraphs and this

3

statement are not consistent with Plaintiff's deposition testimony in which he stated that he did not read the entire front label or any of the back label of the White Bottle.  (Topper 6.2 Ex. 3, Eidelman Tr. at 203:10-208:22, 223:2-12)  Plaintiff admitted at his deposition that the White Bottle label provided him with accurate information once he actually read the words on the label. (Topper Ex. 4, Eidelman Tr. 38:8-18)  Defendants do not dispute that the Eidelman Declaration states that "[a]s a result, I took the product, which turned out to be the All Free Clear Plus liquid laundry detergent ("AFC Plus"), off the shelf and purchased it".  (ED ¶ 3)  Defendants object to Statement No. 5 on the ground that it purports to set forth a purported legal conclusion.

**STATEMENT NO. 6:**

Sun makes laundry detergent which *is* recommended by dermatologists. Those products tout the fact they are the #1 Recommended Product by Dermatologists for sensitive skin. The bottles for those products do that with stand-alone labels directly on the front of the bottles in green font to draw attention to it, and include a large font "#1" in a green circle. *See e.g.* Exh. 5 to Graifman Decl. in Opposition to Defendant's Motion and Support of Cross Motion.[2]

**RESPONSE TO STATEMENT NO. 6:**

Statement No. 6 lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1, for the purported factual assertions set forth therein.  Statement No. 6 does not cite any evidence for the assertions in its first or second sentences.  The exhibit cited in the third sentence of Statement No. 6 does not support the purported factual assertions set forth in Statement No. 6, in violation of Local Civil Rule 56.1.  Defendants object to Statement No. 6 on the additional grounds that (1) it misstates the contents of GSG Ex. 5; (2) the cited exhibit lacks

---

[2]   Unless otherwise stated, all exhibits are exhibits to the Declaration of Gary S. Graifman in Opposition to Defendant's Motion and Support of Cross Motion ("Graifman Decl.") submitted herewith.

foundation, including as to the date and geographic location of the detergent it purports to

picture; and (3) it attempts to set forth purported attorney argument.  Defendants do not dispute

that the cited exhibit includes "#1 Recommended by Dermatologists Allergists Pediatricians for

Sensitive Skin".  Defendants also do not dispute that (1) the laundry detergent depicted in GSG

Ex. 5 is not the Product at issue in this litigation; (2) for more than a decade, Sun Products has

manufactured laundry detergents that are free of perfumes and clear of dyes under the all® free

clear brand; (3) Sun Products has worked with a respected third-party survey company to survey

healthcare professionals, including dermatologists, allergists and ████████████████████

██████████████████████████████████████████████████████████████████

██████████████████████████████████████ (6) surveys of

healthcare professionals support the Recommended Brand Claim; and (6) the company received

claim substantiation statements from the survey company based on survey results. (MM ¶ 5, 13,

16, 17, Ex. 1)

**STATEMENT NO. 7:**

████████████████████████████████████████████████████████████████

██████████████████████████████

**RESPONSE TO STATEMENT NO. 7:**

Disputed and not material.  Defendants object to Statement No. 7 on the additional

grounds that (1) it misstates the contents of GSG Ex. 61; (2) the cited page does not support the

purported factual assertions set forth in Statement No. 7, in violation of Local Civil Rule 56.1,

and on its face, GSG Ex. 61 includes a single page of an e-mail, which is cut-off at the bottom,

and therefore the exhibit is not admissible; (3) it does not specify "that group of products"

referenced; (4) the cited exhibit includes a date of March 14, 2018, which is more than two years

after Plaintiff's purchase of the White Bottle and almost two years after Plaintiff filed this lawsuit; (5) it selectively excerpts passages from the cited page without context, including, but not limited to, testimony from the author of the e-mail; and (6) it is not relevant to the issues presently before the Court – Statement No. 7 does not claim that its purported factual assertions apply to the Product, instead only to "the #1 recommended claim". Defendants do not dispute that the cited exhibit includes the words ██████████████████████████████ (GSG Ex. 61)

**STATEMENT NO. 8:**

Sun positions those products as the "go to" products for people concerned about skin irritants and chemicals in their detergent. ████████████████████████

████████████████████████████████████

████████████████████████████████████

██████████████████████████████

██████████████████████████

**RESPONSE TO STATEMENT NO. 8:**

Disputed. Statement No. 8 lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1, for the purported factual assertions set forth therein. Statement No. 8 does not cite any evidence for the assertion in its first sentence. The page cited in the second sentence of Statement No. 8 does not support the purported factual assertion set forth in the first or second sentences of Statement No. 8, in violation of Local Civil Rule 56.1. With respect to GSG Ex. 42, Defendants also object on the additional grounds that the cited page does not indicate that it was authored by either Sun Products or Costco; it lists the name of a non-party and Plaintiff has not met foundation requirements to demonstrate this page is

admissible, including under FRE 801(c).  Plaintiff chose not to pursue a subpoena of the non-

party listed on the document.  (Topper 6.2 Ex. 15)  Even if Plaintiff could meet these

requirements, Defendants object to Statement No. 8 on the additional grounds that (1) it

misstates the contents of GSG Ex. 42; (2) it disregards that the cited page references "May 5th"

but does not reflect a year; and (3) it selectively excerpts passages from the page without context

and improperly seeks to present those excerpts as "the strategy for sale of AFC+ at Costco",

including, for example, by leaving out that ██████████████████████████████

in GSG Ex. 42.

**STATEMENT NO. 9:**

The recommended All Free Clear detergents ***does not include AFC+, the challenged***

***product, sold at Costco***.

**RESPONSE TO STATEMENT NO. 9:**

Disputed.  Statement No. 9 lacks citation to evidence that would be admissible, as

required by Local Civil Rule 56.1, for the purported factual assertions set forth therein.

Statement No. 9 does not cite any evidence.  For more than a decade, Sun Products has

manufactured laundry detergents that are free of perfumes and clear of dyes under the "all® free

clear brand".  (MM ¶ 5)  all® free clear detergents come in white bottles and include on their

labels the "all® with stainlifters" logo and a graphic stating "free" of perfumes and "clear" of

dyes.  (MM ¶ 6)  The Product comes in a white bottle and includes on its label the "all® with

stainlifters" logo and a graphic stating "free" of perfumes and "clear" of dyes.  (MM ¶ 9; Topper

Ex. 1)  Sun Products manufactured this exclusive version of the Product for sale by Costco.

(MM ¶ 8)  The White Bottle is part of the all® free clear brand.  (MM ¶ 5, 8-9, 12; JCE ¶ 2; GSG

Ex. 14 at 179:7-180:16)

**STATEMENT NO. 10:**

Yet through an intentionally misleading design of the label, the challenged product, AFC+, uses virtually the same design of the label as the other, recommended detergent products, including the enlarged "#1" in a green circle and bolded and large font words exhibiting "Recommended by Dermatologists." Exh. 4.

**RESPONSE TO STATEMENT NO. 10:**

Disputed.  Defendants object to Statement No. 10 on the grounds that it attempts to set forth attorney argument and purported legal conclusions instead of a statement of material fact. The cited exhibit does not support the purported factual assertions set forth in Statement No. 10, in violation of Local Civil Rule 56.1.  Defendants object to Statement No. 10 on the additional grounds that (1) it misstates the contents of GSG Ex. 4; (2) the cited exhibit purports to be a picture of the front and back of the Product at issue in this litigation, which is available to the Court as identified by Plaintiff at his deposition (Topper Ex. 1); (3) it offers no evidence that would be admissible for Plaintiff's allegation of an "intentionally misleading design"; and (4) it purports to offer an opinion comparing "the design of the label" in GSG Ex. 4 to some other label not identified in Statement No. 10 concerning "recommended detergent products", without citation to evidence that would be admissible for this allegation.

**STATEMENT NO. 11:**

███████████████████████████████████

██████████████████████████████████████████

█████████████████████████████████████████

██████████████████████████████

**RESPONSE TO STATEMENT NO. 11:**

Defendants object to Statement No. 11 on the grounds that it attempts to set forth attorney argument instead of a statement of material fact.  Defendants do not dispute that the cited exhibit lists, among other things, ███████████████████████████████ (GSG Ex. 22)  Defendants otherwise object to Statement No. 11 on the grounds that the cited exhibit does not support the purported factual assertions set forth in Statement No. 11, in violation of Local Civil Rule 56.1.  The referenced exhibit does not "list the actual font measurements of each portion of the label"; it does not include a picture of the front or back label of the Product, which is available to the Court as identified by Plaintiff at his deposition (Topper Ex. 1). Defendants also object to Statement No. 11 on the grounds that it lacks citation to evidence that would be admissible with respect to "Sun product [sic] branding personnel".

**STATEMENT NO. 12:**

████████████████████████████████████

████████████████████████████████████

**RESPONSE TO STATEMENT NO. 12:**

Disputed.  Defendants object to Statement No. 12 on the grounds that it attempts to set forth attorney argument and a purported legal conclusion instead of a statement of material fact. Defendants further object to Statement No. 12 on the grounds that (1) it misstates the contents of GSG Ex. 22; (2) the cited exhibit does not support the purported factual assertions set forth in Statement No. 12, in violation of Local Civil Rule 56.1; (3) it selectively excerpts the cited exhibit without context and improperly seeks to present those excerpts as "the prominent feature" in the Product's label, which includes multiple claims; (4) it offers no evidence that would be admissible for Plaintiff's allegation that a company "intentionally sought" to take any

action; and (5) the cited exhibit does not include a picture of the front or back label of the Product, which is available to the Court as identified by Plaintiff at his deposition (Topper Ex. 1).

**STATEMENT NO. 13:**

A similar label is designed and positioned on the front of Sun's recommended All Free Clear detergent products.  The only material difference between the labels is that on the AFC+ product, in an extremely small font designed to be ignored, overlooked or misread by the average consumer, the words "from the" are placed in front of the large "#1" on the label.  In addition, the words "Detergent Brand," in small and unbolded font, follows the "#1."  Compare Label at Exh. 5 with AFC+ label at Exh. 2.

**RESPONSE TO STATEMENT NO. 13:**

Disputed.  Defendants object to Statement No. 13 on the grounds that it attempts to set forth attorney argument and a purported legal conclusion instead of a statement of material fact. Defendants further object to Statement No. 13 on the grounds that (1) it misstates the contents of GSG Exs. 2 and 5; (2) the cited exhibits do not support the purported factual assertions set forth in Statement No. 13, in violation of Local Civil Rule 56.1, including as to "[a] similar label", "Sun's recommended All Free Clear detergent products", "designed to be ignored" and "overlooked or misread by the average consumer"; (3) the cited Exh. 5 lacks foundation, including as to the date and geographic location of the detergent it purports to picture; and (4) the cited Exh. 2 purports to be a picture of the front and back of the Product at issue in this litigation, which is available to the Court as identified by Plaintiff at his deposition (*see* Topper Ex. 1).

**STATEMENT NO. 14:**

To the average consumer the difference between the label displays is undecipherable, as

the evidence in this case demonstrates:



(a)  That evidence includes

(b)   The consumer survey done by Plaintiff's expert, Robert Wallace (See Exh.

26) ("The Wallace Report") which

(c)   Appendix H to the Report of Defendant's survey expert, Stephen M. Nowlis,

Ph.D. (Exh. 25),

(d)

**RESPONSE TO STATEMENT NO. 14:**

Disputed.  Defendants object to Statement No. 14 and its sub-parts on the ground that it attempts to set forth attorney argument and purported legal conclusions instead of a statement of material fact.  Statement No. 14 lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1, for the purported factual assertions set forth therein, including as to claims concerning an "average consumer", "label displays" and anything being "undecipherable".  Plaintiff's own expert, Robert Wallace, did not consider Plaintiff's claim that an "average consumer" would not be able to tell the difference between the Recommended Brand Claim and claims on other all® detergents; Plaintiff did not ask his expert to do this work. (RW Tr. 402:18-404:24; FAC ¶ 17).  Defendants further object to Statement No. 14 on the grounds that (1) it misstates the contents of the cited exhibits; (2) the cited exhibits do not support the purported factual assertions set forth in Statement No. 14, in violation of Local Civil Rule 56.1; and (3) it selectively excerpts passages from the exhibits without context and improperly seeks to present those excerpts as undisputed facts.

With respect to Statement No. 14(a), Defendants further object on the grounds that the cited exhibits do not support the purported factual assertions set forth in Statement No. 14(a), in violation of Local Civil Rule, 56.1, including what a company "clearly knew" or what is a "purchase motivator".  Concerning GSG Ex. 42, the cited page does not indicate that it was authored by either Sun Products or Costco; it lists the name of a non-party and Plaintiff has not met foundation requirements to demonstrate this page is admissible, including under FRE 801(c). Plaintiff chose not to pursue a subpoena of the non-party listed on the document.  (Topper 6.2 Ex. 15)  Defendants further object to Statement No. 14(a) on the additional grounds that (1) it misstates the contents of GSG Exs. 42 and 63; (2) it disregards that the cited page of GSG Ex. 42

references "May 5th" but does not reflect a year; (3) it selectively excerpts passages from the GSG Exs. 42 and 63 without context and improperly seeks to present those excerpts, including, for example, by leaving out that in GSG Ex. 42, ██████████████████████████████

████████████████████████████████████████████████████████████████████████

and (4) GSG Ex. 42, on its face, includes a single page of an e-mail, which is cut-off at the bottom, and therefore the exhibit is not admissible.

With respect to Statement No. 14(b), Defendants further object on the grounds that it lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1, for the purported factual assertions set forth therein.  The numerous serious defects with Robert Wallace's survey and opinions (GSG Ex. 26) render his work inadmissible, as set forth in the Opposition at p. 27-30.  In addition, Dr. Stephen M. Nowlis disputes Wallace's methodology, survey results and opinions, including that repeated in Statement No. 14(b).  (Topper 6.2 Ex. 7, Rebuttal Expert Report of Dr. Stephen M. Nowlis, Ph.D., dated June 6, 2019 ("SN Rep." or "Nowlis Report") ¶ 6, 8-58)  Using the accepted method for calculating net deception, as set forth in the *Reference Manual*, ██████████████████████████████████████

████████████████████████ (SN Rep. ¶ 24-27)

With respect to Statement No. 14(c), Defendants further object on the ground that it attempts to set forth attorney argument and a purported legal conclusion instead of a statement of material fact.  Defendants object to Statement No. 14(c) on the additional grounds that (1) it misstates the contents of and opinions set forth in the Nowlis Report (Topper 6.2 Ex. 7); (2) it selectively excerpts words from the cited exhibit without context and improperly seeks to present those excerpts as support for purported factual assertions; and (3) the cited exhibit does not support the purported factual assertions set forth in Statement No. 41, in violation of Local Civil

Rule 56.  Defendants refer the Court to the complete Nowlis Report. 

With respect to Statement No. 14(d), Defendants further object on the grounds that (1) it misstates the contents of the cited exhibit; (2) the cited exhibit does not support the purported factual assertions set forth in Statement No. 14, in violation of Local Civil Rule 56.1, including as to "multiple complaints" and "broke out in a rash or skin irritation"; and (3) GSG Ex. 32 is an improper compound exhibit and Plaintiff has not met foundation requirements to demonstrate this exhibit is admissible.  GSG Ex. 32 shows *a grand total of 9 complaints* from New York consumers, including only 4 reports of exposure, during the period from October 2014 through March 2016.  Plaintiff examined Sun Products employee Jillaine Dellis about the spreadsheet included as part of GSG Ex. 32, and she confirmed that Sun Products received "very few" complaints about the White Bottle.  (JD ¶ 9-10; JD Tr. 127:9-128:3)  In New York, Sun Products has received *fewer than 10* exposure reports during the more than three-year period when Costco members purchased more than ████ units of the White Bottle.  (JD ¶ 9, GC ¶ 33)  This represents ██████████ of New York purchasers.  (JD ¶ 9)  Nationwide, the incidence of such reports during the same period is similarly minute: ██████████ units sold and *fewer than 100* consumers reporting exposures, ██████████ of purchasers nationwide.  (JD ¶ 10)

**STATEMENT NO. 15:**

Paul Hinck, Sun's ***Head of Sales for the Costco Team***, when confronted with both labels, could not tell the difference between the two, testifying: "***The difference between the two green labels, I do not know the difference.*** I know the difference from Costco has 'plus' on it which is the added benefit that we have in that particular product sold to Costco." Hinck Dep., pp. 33:9-19, Exh. 14 (emphasis added).

**RESPONSE TO STATEMENT NO. 15:**

Disputed.  The deposition testimony cited does not support the purported factual assertion set forth in Statement No. 15, including that the deponent "could not tell the difference between" "both labels", in violation of Local Civil Rule 56.1.  Defendants object to Statement No. 15 on the additional ground that it misstates the cited deposition testimony, omitting the question that was asked and objections stated, and lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1, for the purported factual assertions set forth therein; and Defendants do not dispute that the cited portion of the deposition transcript includes the following:  "Q.  Okay.  Now, do you know why the product -- the AFC Plus product sold at Costco doesn't just use the label of Santarelli 3?  And I'm talking about the green label in the upper right.  MS. TOPPER:  Objection to form, foundation, scope.  THE WITNESS:  The difference between the two green labels, I do not know the difference.  I know the difference from Costco has "plus" on it which is the added benefit that we have in that particular product sold to Costco."  (GSG Ex. 14 at 33:9-19)

**STATEMENT NO. 16:**

The difference between "brand" and "product" is indistinguishable to most consumers. As evidence of this, Hinck, substantially more sophisticated than the normal consumer, testified

when asked whether AFC+ was a recommended product or only in the recommended "brand" testified "***I'm not so sure I see the difference***." pp. 180-181 Exh. 14.

**RESPONSE TO STATEMENT NO. 16:**

Disputed.  Defendants object to Statement No. 16 on the ground that it attempts to set forth attorney argument and purported legal conclusions instead of a statement of material fact. The deposition testimony cited does not support the purported factual assertion set forth in Statement No. 16, in violation of Local Civil Rule 56.1.  Statement No. 16 lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1, for the purported factual assertions set forth therein, including as to "indistinguishable to most consumers" and "substantially more sophisticated than the normal consumer".  Defendants further object to Statement No. 16 on the additional ground that it misstates the cited deposition testimony, omitting the question that was asked and objections stated, and selectively excerpts the testimony without context.  Defendants refer the Court to the questions, objections and answers in the pages cited, as well as the prior pages where the deponent confirms his understanding that it is the brand that dermatologists recommend.  (GSG Ex. 14 at 179:7-180:16)

**STATEMENT NO. 17:**

In addition, ███████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████
███████████████████████

**RESPONSE TO STATEMENT NO. 17:**

Disputed.  Defendants object to Statement No. 17 on the ground that it attempts to set forth attorney argument and purported legal conclusions instead of a statement of material fact. Statement No. 17 lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1, for the purported factual assertions set forth therein.  Statement No. 17 cites a single page without foundation or context that does not reflect a date, the author, the contents of "Option A", "Option B" or "the deck" referenced in Statement No. 17, and/or whether the statements set forth in Statement No. 17 concern a label that was available to consumers.  The page cited in Statement No. 17 also does not support the purported factual assertions set forth therein, in violation of Local Civil Rule 56.1, including as to "Sun intentionally designed the label".  Defendants further object to Statement No. 17 on the additional grounds that it misstates the contents of GSG Ex. 43 and selectively excerpts passages from the page.

**STATEMENT NO. 18:**

███████████████████████████████████████████████████████

███████████████████████████████████████████████

**RESPONSE TO STATEMENT NO. 18:**

Disputed and not material.  The exhibit cited in Statement No. 18 does not support the purported factual assertion set forth therein, in violation of Local Civil Rule 56.1, including as to "tried to get" and "certain products not recommended but alleged to be within the 'brand'". Statement No. 18 lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1, for the purported factual assertions set forth therein, including under FRE 801(c). Plaintiff has not met foundation requirements to demonstrate this page is admissible, including because on its face, the exhibit includes a single page of an e-mail, which is cut-off at the

bottom.  Defendants further object to Statement No. 18 on the additional grounds that it misstates

the contents of GSG Ex. 44, which, among others, does not mention the White Bottle, and

attempts to set forth attorney argument.

**STATEMENT NO. 19:**



**RESPONSE TO STATEMENT NO. 19:**

Disputed and not material.  Statement No. 19 includes only an "*Id.*"  To the extent this

citation refers to the Exhibit cited in Statement No. 18, Defendants object to Statement No. 19.

Statement No. 19 lacks citation to evidence that would be admissible, as required by Local Civil

Rule 56.1, for the purported factual assertions set forth therein, including under FRE 801(c).

Plaintiff has not met foundation requirements to demonstrate this page is admissible, including

because on its face, the exhibit includes a single page of an e-mail, which is cut-off at the

bottom.  Defendants further object to Statement No. 19 on the additional grounds that it (1)

misstates the contents of GSG Ex. 44, which, for example, does not mention the White Bottle;

and (2) it selectively excerpts passages from the cited page without context.

**STATEMENT NO. 20:**

As it turned out, the AFC+ product sold at Costco could not be recommended for people

with sensitive skin because it contains a preservative which can be extremely deleterious to

people with sensitive skin and was so fraught with the potential for allergic skin sensitization

and/or skin irritation, and was even named the "Allergen of the Year" in 2013. HEID0051172

(Exh. 36) (email from John Chestnut to Paul Hinck).

**RESPONSE TO STATEMENT NO. 20:**

Disputed.  Statement No. 20 lacks citation to evidence that would be admissible, as

required by Local Civil Rule 56.1, for the purported factual assertions set forth therein.  The page

cited in Statement No. 20 does not support the purported factual assertions set forth therein, in

violation of Local Civil Rule 56.1.  Defendants cite no evidence for the assertions that "the

AFC+ product sold at Costco could not be recommended for people with sensitive skin", that the

White Bottle "contains a preservative which can be extremely deleterious to people with

sensitive skin", or that the White Bottle was "fraught with the potential for allergic skin

sensitization and/or skin irritation".  Defendants further object to Statement No. 20 on the

additional grounds that (1) it misstates the contents of GSG Ex. 36; (2) it selectively excerpts

passages from the cited exhibit without context; and (3) it attempts to set forth attorney

argument.  The "allergen of the year" designation in 2013, concerns products applied directly to

skin, ***not*** laundry detergent.  (JCE Tr. 69:12-70:3)  Defendants also refer the Court to the

Declarations in Opposition to Plaintiff's Motion for Summary Judgment of Janet-Coope Epstein

(¶ 4-5, 18-19), Wendy Saladyga (¶ 5, 10) and Jillaine Dellis (¶ 5-6), and Declaration in Support

of Defendants Motion for Summary Judgment of Michael Monteleone (¶ 13, 17, Ex. 1), which

dispute the purported factual assertions set forth in Statement No. 20.

**STATEMENT NO. 21:**

███████████████████████████████████████████████████

███████████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████

## RESPONSE TO STATEMENT NO. 21:

Disputed.  Statement No. 21 includes only an "*Id.*" citation.  To the extent that citation is meant to refer to GSG Ex. 36, the last citation in Statement No. 20, Defendants object to Statement No. 21 on the grounds that (1) it selectively excerpts words from the cited exhibit without context; and (2) it attempts to set forth attorney argument and a purported legal conclusion, including with respect to "admitted".  Statement No. 21 lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1, for the purported factual assertions set forth therein.  The "allergen of the year" designation in 2013, concerns products applied directly to skin, ***not*** laundry detergent.  (JCE Tr. 69:12-70:3)  Defendants also refer the Court to the Declarations in Opposition to Plaintiff's Motion for Summary Judgment of Janet-Coope Epstein (¶ 4-5, 18-19) and Jillaine Dellis (¶ 5-6), which dispute the purported factual assertions set forth in Statement No. 21.

## STATEMENT NO. 22:

AFC+ contains MIT as one of the preservatives.  See Sun's Responses to Plaintiff's Second Set of Interrogatories, Response No. 5 (Exh. 62).

## RESPONSE TO STATEMENT NO. 22:

Defendants do not dispute the Response to Interrogatory No. 5 included in Defendant The Sun Products Corporation's Objections and Responses to Plaintiff's Second Set of Interrogatories, but otherwise object to the purported factual assertion set forth in Statement No. 22 to the extent not supported by Response to Interrogatory No. 5 (GSG Ex. 62 at 6-7).  The White Bottle has contained Rocima™ 586 ("Rocima"), a broad spectrum preservative whose

active ingredients include the two on which Plaintiff focuses: 2-Methyl-4-isothiazolin-3-one

("MIT" or "MI") and 5-Chloro-2-methyl-4-isothiazolin-3-one ("MCI").  (JD Opp. ¶ 4; JCE ¶ 4)

Preservatives serve a necessary function in liquid laundry detergents like the White Bottle,

preventing bacteria and mold.  (JCE ¶ 5)  The U.S. Environmental Protection Action ("EPA")

approved Rocima for use as a preservative in liquid laundry detergent.  (JD Opp. ¶ 5)  EPA

guidelines allow for a concentration of Rocima in liquid detergent products of 0.05 – 0.15%.  (JD

Opp. ¶ 5; JCE ¶ 9)  The concentration of Rocima in the White Bottle at the time of Plaintiff's

purchase was ███ – and MIT and MCI composed only a small fraction of that small

percentage.  (JCE ¶ 10-13)  When Plaintiff purchased the White Bottle, there was ████████

████████████████ of MIT, and ██████████████ of MCI.  (JCE ¶ 12-13)  At

other times, the concentration of Rocima in the White Bottle was ████, and the White Bottle

included ██████████████ of MIT and ██████████████ of MCI.  (JCE ¶ 14)

**STATEMENT NO. 23:**

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████

**RESPONSE TO STATEMENT NO. 23:**

Disputed and not material.  The exhibits cited in Statement No. 23 do not support the

purported factual assertions set forth therein, in violation of Local Civil Rule 56.1.  Statement

No. 23 lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1,

for the purported factual assertion set forth therein, including with respect to "well known by

Sun's marketing team."  GSG Ex. 62 is not an "internal email[] or document[] produced by Sun.

GSG Ex. 62 includes Defendant The Sun Products Corporation's Objections and Responses to

Plaintiff's Second Set of Interrogatories, as set forth above in Response to Statement No. 23. GSG Ex. 66 does not indicate that it was authored by either Sun Products or Costco; it does not list the author and lists the name of a non-party and Plaintiff has not met foundation requirements to demonstrate this exhibit is admissible, including under FRE 801(c).  Plaintiff chose not to pursue a subpoena of the non-party listed on the document.  (Topper 6.2 Ex. 15)  The cited page of GSG Ex. 36 is not admissible for the purported factual assertions set forth in Statement No. 23 and selectively excerpts passages from the cited exhibit without context and improperly seeks to present those excerpts.  The cited page of GSG Ex. 64 is not authored by "Sun's marketing team".  (JCE ¶ 1)  Defendants further object to Statement No. 23 on the additional grounds that it attempts to set forth attorney argument and a purported legal conclusion.

**STATEMENT NO. 24:**

**RESPONSE TO STATEMENT NO. 24:**

Disputed.  Statement No. 24 lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1, for the purported factual assertions set forth therein.  GSG Ex. 66 does not indicate that it was authored by either Sun Products or Costco; it does not list the author and it lists the name of a non-party and Plaintiff has not met foundation requirements to demonstrate this exhibit is admissible, including under FRE 801(c).  Plaintiff chose not to pursue a subpoena of the non-party listed on the document.  (Topper 6.2 Ex. 15)  Plaintiff did not subpoena ▮▮▮▮ or take his deposition.  Even if Plaintiff could meet these requirements, Defendants object to Statement No. 24 on the additional grounds that (1) it misstates the contents

of the cited exhibit, and (2) the cited exhibit does not support the purported factual assertions set

forth therein, in violation of Local Civil Rule 56.1.

**STATEMENT NO. 25:**

████████████████████████████████████████████████████

████████████████████████████████████████████

**RESPONSE TO STATEMENT NO. 25:**

Disputed.  Statement No. 25 includes only an "*Id.*" citation.  To the extent that citation is

meant to refer to GSG Ex. 66, the last citation in Statement No. 24, Defendants object to

Statement No. 25 relying on GSG Ex. 66.  Statement No. 25 lacks citation to evidence that

would be admissible, as required by Local Civil Rule 56.1, for the purported factual assertions

set forth therein.  GSG Ex. 66 does not indicate that it was authored by either Sun Products or

Costco; it does not list the author and lists the name of a non-party and Plaintiff has not met

foundation requirements to demonstrate this exhibit is admissible, including under FRE 801(c).

Plaintiff chose not to pursue a subpoena of the non-party listed on the document.  (Topper 6.2

Ex. 15)  Plaintiff did not subpoena ████████ or take his deposition.  Even if Plaintiff could

meet these requirements, Defendants object to Statement No. 25 on the additional grounds that

(1) it misstates the contents of GSG Ex. 66; (2) it selectively excerpts the cited exhibit without

context and improperly seeks to present those excerpts as support for purported factual

assertions; and (3) the cited exhibit does not support the purported factual assertions set forth in

Statement No. 25 in violation of Local Civil Rule 56.1, including that MIT ████████████

██████████████████████████████████████████████████

The purported factual assertions set forth in Statement No. 25 do not claim to concern the

Product. Statement No. 25 ignores testimony from a Sun Products employee who interacted with

██████████████████████████████████████████████████████████

████████████████████████████████████████████ (JCE Tr. 68:16-70:3)  *See also* ¶ 115-47.

## STATEMENT NO. 26:

As such, Defendants knowingly deceive consumers into believing the challenged product in this case is the laundry detergent which is recommended by dermatologists as the #1 product for those with sensitive skin. Many consumers only learn the truth after they purchase and use the product producing a resultant skin irritation.  *See* Customer Complaints, *supra* (Exh. 26); The Wallace Report, *supra*, at pp. 11-12; Nowlis Appendix H (Exh. 25).

## RESPONSE TO STATEMENT NO. 26:

Disputed.  Defendants object to Statement No. 26 on the ground that it attempts to set forth attorney argument and purported legal conclusions instead of a statement of material fact. Statement No. 26 lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1, for the purported factual assertions set forth therein.  The cited exhibits do not support the purported factual assertions set forth in Statement No. 26, in violation of Local Civil Rule 56.1.  Statement No. 26 does not cite any evidence for the assertions in its first sentence.  The numerous serious defects with Robert Wallace's survey and opinions (GSG Ex. 26) render his work inadmissible, as set forth in the Opposition at p. 27-30.  In addition, Dr. Stephen M. Nowlis disputes Wallace's methodology, survey results and opinions, including that repeated in Statement No. 14(b).  (SN Rep. ¶ 6, 8-58) ███████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████ The Nowlis Report does not support the purported factual assertions set forth in Statement No. 26 and Defendants refer

the Court to the complete Nowlis Report.  (Topper 6.2 Ex. 7)  Defendants further object to

Statement No. 26 on the additional grounds that (1) it misstates the contents of GSG Exs. 25 and

26; and (2) it selectively excerpts the cited exhibits without context and improperly seeks to

present those excerpts as support for purported factual assertions.

**STATEMENT NO. 27:**

███████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████

**RESPONSE TO STATEMENT NO. 27:**

      Disputed.  Defendants object to Statement No. 27 on the ground that it attempts to set

forth attorney argument and purported legal conclusions instead of a statement of material fact.

Statement No. 27 lacks citation to evidence that would be admissible, as required by Local Civil

Rule 56.1, for the purported factual assertions set forth therein.  The numerous serious defects

with Robert Wallace's survey and opinions (GSG Ex. 26) render his work inadmissible, as set

forth in the Opposition at p. 27-30.  In addition, Dr. Stephen M. Nowlis disputes Wallace's

methodology, survey results and opinions, including that repeated in Statement No. 14(b).

(Nowlis Report ¶ 6, 8-58)  As set forth in the Opposition at p. 29, Wallace impermissibly seeks

to opine as to Defendants' intent (i.e., "deliberately placed") based on documents selected by

Plaintiff's counsel and without any methodology (RW Tr. 319:15-323:19; RW Rep. at 5) – an

additional basis to exclude his testimony.  Defendants further object to Statement No. 27 on the

additional ground that the cited exhibit does not support the purported factual assertion set forth

in Statement No. 27.

**STATEMENT NO. 28:**

Unlike other detergents in the all® brand which present the claim that the detergent is "#1 Recommended by Dermatologists … for sensitive skin,"[3] each bottle of AFC+ used the same design for the stand alone label and presented a similar, but slightly altered, formulation of that claim which reads[4]:



**RESPONSE TO STATEMENT NO. 28:**

Disputed.  Defendants object to Statement No. 28 on the ground that it attempts to set forth attorney argument and purported legal conclusions instead of a statement of material fact. Statement No. 28 lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1, for the purported factual assertions set forth therein.  The cited exhibit purports to be a picture of the front and back of the Product at issue in this litigation, which is available to the Court as identified by Plaintiff at his deposition (*see* Topper Ex. 1).  The cited exhibit does not support the purported factual assertions, and arguments, set forth in Statement No. 27. Defendants further object to the "example of this claim" depicted to the extent it is not an accurate presentation of the claim or Product label.

---

[3] An example of this claim is shown on the product depicted in Exh. 2.
[4] *See* picture of bottle of product, Exh. 2.

**STATEMENT NO. 29:**

From its inception through the present, the challenged product contained one of two broad spectrum preservatives.  The first was known by the shorthand "MIT" or "MI" (the full chemical name was 2-Methyl-4-isothiazolin-3-one).  The second was 5-Chloro-2-methyl-4-isothiazolin-3-one, known as "MCI." █████████████████████████

███████████████████████████████████████████

████████████████████████████████████

**RESPONSE TO STATEMENT NO. 29:**

Defendants do not dispute the Response to Interrogatory No. 5 included in Defendant The Sun Products Corporation's Objections and Responses to Plaintiff's Second Set of Interrogatories, but otherwise object to the purported factual assertions set forth in Statement No. 29 to the extent not supported by Response to Interrogatory No. 5 (GSG Ex. 62 at 6-7).  The White Bottle has contained Rocima, a broad spectrum preservative whose active ingredients include the two on which Plaintiff focuses: MIT and MCI.  (JD Opp. ¶ 4; JCE ¶ 4)  Preservatives serve a necessary function in liquid laundry detergents like the White Bottle, preventing bacteria and mold.  (JCE ¶ 5)  The EPA approved Rocima for use as a preservative in liquid laundry detergent.  (JD Opp. ¶ 5)  EPA guidelines allow for a concentration of Rocima in liquid detergent products of 0.05 – 0.15%.  (JD Opp. ¶ 5; JCE ¶ 9)  The concentration of Rocima in the White Bottle at the time of Plaintiff's purchase was █████ – and MIT and MCI composed only a small

---

[5] ███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████

fraction of that small percentage.  (JCE ¶ 10-13)  When Plaintiff purchased the White Bottle,

there was ███████████████████████ of MIT, and ███████████████ of

MCI.  (JCE ¶ 12-13)  At other times, the concentration of Rocima in the White Bottle was

███, and the White Bottle included ████████████ of MIT and ██████████

██ of MCI.  (JCE ¶ 14)

**STATEMENT NO. 30:**

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██

**RESPONSE TO STATEMENT NO. 30:**

Disputed.  Statement No. 30 lacks citation to evidence that would be admissible, as

required by Local Civil Rule 56.1, for the purported factual assertions set forth therein.  The

opinions of Dr. Joel G. DeKoven, a Canadian dermatologist who has never been licensed to

practice in the United States (JGD Tr. 58:4-59:8), are inadmissible, as set forth in the Opposition

at p. 26-27.  Defendants further object to Statement No. 30 on the additional ground that the cited

exhibit does not support the purported factual assertion set forth in Statement No. 30, in violation

of Local Civil Rule 56.1, including as to what would be "familiar to most dermatologists".

DeKoven did not conduct a survey or speak with any other dermatologist in forming his

opinions.  (JGD Tr. 79:5-8, 85:3-12; JGD Rep. at 8)  Instead, he reviewed a self-selected group

of journal articles and offers his personal view as to what he and other unspecified

dermatologists would recommend.  (JGD Tr. 85:13-86:15, 125:22-126:19; JGD Rep. at 8)  *See also* ¶ 115-47.

**STATEMENT NO. 31:**

████████████████████████████████████████

██████████████████████████████████████

██████████████████

**RESPONSE TO STATEMENT NO. 31:**

      Disputed.  Statement No. 31 includes only an "*Id.*" citation.  To the extent that citation is meant to refer to the DeKoven Report, GSG Ex. 27, the last citation in Statement No. 30, Defendants object to Statement No. 31.  Statement No. 31 lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1, for the purported factual assertions set forth therein.  The opinions of Dr. Joel G. DeKoven, a Canadian dermatologist who has never been licensed to practice in the United States (JGD Tr. 58:4-59:8), are inadmissible, as set forth in the Opposition at p. 26-27.  Defendants further object to Statement No. 31 on the additional ground that the cited exhibit does not support the purported factual assertion set forth in Statement No. 31, in violation of Local Civil Rule 56.1, including as to what would be "familiar to most dermatologists".  DeKoven did not conduct a survey or speak with any other dermatologist in forming his opinions.  (JGD Tr. 79:5-8, 85:3-12; JGD Rep. at 8)  Instead, he reviewed a self-selected group of journal articles and offers his personal view as to what he and other unspecified dermatologists would recommend.  (JGD Tr. 85:13-86:15, 125:22-126:19; JGD Rep. at 8)  The "allergen of the year" designation in 2013, concerns products applied directly to skin, ***not*** laundry detergent.  (JCE Tr. 69:12-70:3)

**STATEMENT NO. 32:**

The European Union has issued regulations completely restricting the use of MIT and MCI in cosmetic and wash-off products. *Id*. at 9. ███████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████ ███████████████████████████████

███████████████████████████████

**RESPONSE TO STATEMENT NO. 32:**

Disputed and not material.  Defendants object to Statement No. 32 on the ground that it attempts to set forth attorney argument instead of a statement of material fact.   Statement No. 32 includes an "*Id.*" citation.  To the extent that citation is meant to refer to the DeKoven Report, GSG Ex. 27, the last citation in Statement No. 30, Defendants object to Statement No. 32.  Statement No. 32 lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1, for the purported factual assertions set forth therein.  The opinions of Dr. Joel G. DeKoven, a Canadian dermatologist who has never been licensed to practice in the United States (JGD Tr. 58:4-59:8), are inadmissible, as set forth in the Opposition at p. 26-27.  Defendants further object to Statement No. 32 on the additional ground that the cited exhibit does not support the purported factual assertion set forth in Statement No. 32, in violation of Local Civil Rule 56.1, including as to what would be "familiar to most dermatologists".  DeKoven did not conduct a survey or speak with any other dermatologist in forming his opinions.  (JGD Tr. 79:5-8, 85:3-12; JGD Rep. at 8)  Instead, he reviewed a self-selected group of journal articles and

---

6 ███████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████

offers his personal view as to what he and other unspecified dermatologists would recommend. (JGD Tr. 85:13-86:15, 125:22-126:19; JGD Rep. at 8)  Defendants further object to Statement No. 32 on the additional ground that the cited exhibit does not support the purported factual assertion set forth in Statement No. 32, in violation of Local Civil Rule 56.1, including as to "majority of dermatologists, if aware".  DeKoven himself concedes that he is not opining that the White Bottle was not recommended by dermatologists.  (JGD Tr. 198:13-21)  Defendants refer the Court to the Declaration in Support of Defendants Motion for Summary Judgment of Michael Monteleone concerning the ███████ Survey.  (MM ¶ 13, 17, Ex. 1)

Defendants do not dispute that the EU has issued various regulations concerning the use of MIT and MCI in both leave-on and rinse-off cosmetic products that are sold in the EU.  (JD Opp. ¶ 8)  EU regulations concerning leave-on and rinse-off cosmetic products do not apply to a laundry detergent product manufactured by the Company for sale in the United States.  (JD Opp. ¶ 8)  Laundry detergent is not a cosmetic product.  (JD Opp. ¶ 7; JCE ¶ 16)   Laundry detergent is not a so-called leave-on product – i.e., a cosmetic that is meant to be applied directly to a person's skin, such as make-up or face cream.  (JD Opp. ¶ 7)  Laundry detergent is also not a so-called rinse-off product – i.e., a product that is meant to be applied directly to a person's skin and rinsed-off with water, such as bodywash.  (JD Opp. ¶ 7)  Defendants refer the Court to the EU regulations for their contents (*see also* Opposition at p. 31-32).

Defendants further object to Statement No. 32 to the extent they rely upon GSG Ex. 65 and GSG Ex. 66 to set forth a purported "Opinion of ███████".  GSG Ex. 66 does not indicate that it was authored by either Sun Products or Costco; it does not list the author and lists the name of a non-party and Plaintiff has not met foundation requirements to demonstrate this exhibit is admissible, including under FRE 801(c).  Plaintiff chose not to pursue a subpoena of

the non-party listed on the document.  (Topper 6.2 Ex. 15)  GSG Ex. 65, on its face, includes

only selected pages of a larger document and therefore the exhibit is not admissible, and Plaintiff

has not met foundation requirements to demonstrate that GSG Ex. 65 is admissible, including

under FRE 801(c), for a non-party "opinion".  Plaintiff did not subpoena ███████ or take his

deposition.

Defendants further object to Statement No. 32 on the ground that its footnote attempts to

set forth attorney argument and purported legal conclusions instead of a statement of material

fact.  The footnote lacks citation to evidence that would be admissible, as required by Local Civil

Rule 56.1, for the purported factual assertions therein, including as to "concerted effort to hide"

and "led to believe".  Defendants further object to the footnote in Statement No. 32 on the

additional ground that the cited exhibits do not support the purported factual assertions set forth.

Plaintiff's own 'evidence' contradicts this footnote.  ████████████████████████

████████████████████████████████████████████

█████████████████████████████████████████████

████████████████████████████████████ Plaintiff's complaint

includes a list of Product ingredients. (FAC ¶ 18)  In addition, the footnote references GSG Ex.

73, but the Graifman Declaration does not annex an Exhibit 73.

**STATEMENT NO. 33:**

████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████████

█████████████████████

**RESPONSE TO STATEMENT NO. 33:**

  Disputed.  Defendants object to Statement No. 33 on the ground that it attempts to set forth attorney argument instead of a statement of material fact.  Statement No. 33 lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1, for the purported factual assertions set forth therein, included as to "well known amongst Sun Products' employees".  The cited exhibits do not support the purported factual assertions set forth in Statement No. 33, in violation of Local Civil Rule 56.1.  Defendants further object to Statement No. 33 on the additional grounds that (1) it misstates the contents of GSG Exs. 32 and 65; (2) it selectively excerpts the cited exhibits without context, and improperly seeks to present those excerpts as support for purported factual assertions; and (3) GSG Ex. 32 is an improper compound exhibit and Plaintiff has not met foundation requirements to demonstrate this exhibit is admissible.  GSG Ex. 65, on its face, includes only selected pages of a larger document and therefore the exhibit is not admissible, and, Plaintiff has not met foundation requirements to demonstrate that GSG Ex. 65 is admissible, including under FRE 801(c), for what a non-party "advised".  Plaintiff did not subpoena ███████ or take his deposition.  Statement No. 33 ignores testimony from a Sun Products employee who interacted with ████████████ ████████████████████████████████████████████████████████ ████████████████████████████  (JCE Tr. 68:16-70:3)  GSG Ex. 32 shows ***a grand total of 9 complaints*** from New York consumers, including only 4 reports of exposure, during the period from October 2014 through March 2016.  Plaintiff examined Sun Products employee Jillaine Dellis about the spreadsheet included as part of GSG Ex. 32, and she confirmed that Sun Products received "very few" complaints about the White Bottle.  (JD ¶ 9-10; JD Tr. 127:9-128:3)  In New York, Sun Products has received *fewer than 10* exposure reports during the more

than three-year period when Costco members purchased ██████ ██████ units of the White

Bottle.  (JD ¶ 9, GC ¶ 33)  This represents ████████████ of New York purchasers.  (JD ¶ 9)

Nationwide, the incidence of such reports during the same period is similarly minute: ██████

██████ units sold and *fewer than 100* consumers reporting exposures, ████████████ of

purchasers nationwide.  (JD ¶ 10)

**STATEMENT NO. 34:**



**RESPONSE TO STATEMENT NO. 34:**

Disputed and not material.  Defendants object to Statement No. 34 on the ground that it

attempts to set forth attorney argument instead of a statement of material fact.  Statement No. 34

lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1, for the

purported factual assertions set forth therein.  The cited exhibits do not support the purported

factual assertions set forth in Statement No. 34, in violation of Local Civil Rule 56.1.

GSG Ex. 66 does not indicate that it was authored by either Sun Products or Costco; it

does not list the author and lists the name of a non-party, and Plaintiff has not met foundation

requirements to demonstrate this exhibit is admissible, including under FRE 801(c).  Plaintiff

chose not to pursue a subpoena of the non-party listed on the document.  (Topper 6.2 Decl. Ex.

15)  GSG Ex. 65, on its face, includes only selected pages of a larger document and therefore the

exhibit is not admissible, and, Plaintiff has not met foundation requirements to demonstrate that

GSG Ex. 65 is admissible, including under FRE 801(c), for a non-party opinion.  Plaintiff did not

subpoena ▇▇▇▇▇ or take his deposition.  Statement No. 34 ignores testimony from a Sun

Products employee who interacted with ▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (JCE

Tr. 68:16-70:3)  GSG Exs. 30 and 67 do not support the purported factual assertions set forth in

Statement No. 34, in violation of Local Civil Rule 56.1.  GSG Ex. 70 includes a single page of an

e-mail, which is cut-off at the bottom, and therefore the exhibit is not admissible, and, does not

support the purported factual assertions set forth in Statement No. 34, in violation of Local Civil

Rule 56.1.

Defendants further object to Statement No. 34 on the additional grounds that (1) the

cited exhibits do not support the purported factual assertions set forth in Statement No. 34; (2)

GSG Ex. 65 does not contain the claimed quote "more accepted in the dermatologist

community" attributed to it in Statement No. 34; and (3) it selectively excerpts the cited exhibits

without context and improperly seeks to present those excerpts as support for purported factual

assertions.

**STATEMENT NO. 35:**

▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

▇▇▇▇▇▇▇▇▇▇▇▇▇▇

**RESPONSE TO STATEMENT NO. 35:**

Disputed and not material.  Defendants object to Statement No. 35 on the ground that it attempts to set forth attorney argument instead of a statement of material fact.  Statement No. 35 lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1, for the purported factual assertions set forth therein.  Statement No. 35 does not cite any evidence in violation of Local Civil Rule 56.1.

**STATEMENT NO. 36:**

███████████████████████████████████████████████

████████████████████████████████████

**RESPONSE TO STATEMENT NO. 36:**

Not material.  Defendants object to Statement No. 36 on the ground that it attempts to set forth attorney argument instead of a statement of material fact.  The cited exhibits do not support the purported factual assertions set forth in Statement No. 36, in violation of Local Civil Rule 56.1.  Statement No. 36 lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1, for the purported factual assertions set forth therein, including that the percentage of MIT or MCI increased.  The White Bottle has contained Rocima, a broad spectrum preservative whose active ingredients include the two on which Plaintiff focuses: MIT and MCI. (JD Opp. ¶ 4; JCE ¶ 4)  Preservatives serve a necessary function in liquid laundry detergents like the White Bottle, preventing bacteria and mold.  (JCE ¶ 5)  The EPA approved Rocima for use as a preservative in liquid laundry detergent.  (JD Opp. ¶ 5)  EPA guidelines allow for a concentration of Rocima in liquid detergent products of 0.05 – 0.15%.  (JD Opp. ¶ 5; JCE ¶ 9) The concentration of Rocima in the White Bottle at the time of Plaintiff's purchase was ███ and MIT and MCI composed only a small fraction of that small percentage.  (JCE ¶ 10-13)

When Plaintiff purchased the White Bottle, there was ███████████████████

███████ of MIT, and ████████████████ of MCI.  (JCE ¶ 12-13)  At other times, the

concentration of Rocima in the White Bottle was ██████████ and the White Bottle included

███████████████████ of MIT and ████████████████ of MCI.  (JCE ¶ 14)

## STATEMENT NO. 37:



(See

Dekoven Report), the label claim in question thus has a likelihood to objectively "mislead,

confuse or deceive" consumers.

## RESPONSE TO STATEMENT NO. 37:

Disputed.  Defendants object to Statement No. 37 on the ground that it attempts to set

forth attorney argument and purported legal conclusions instead of a statement of material fact.

Statement No. 37 lacks citation to evidence that would be admissible, as required by Local Civil

Rule 56.1, for the propositions set forth therein.  Statement No. 37 cites no evidence for the

purported assertion that "the label claim in question thus has a likelihood to objectively 'mislead,

confuse or deceive' consumers."

The opinions of Dr. Joel G. DeKoven, a Canadian dermatologist who has never been

licensed to practice in the United States (JGD Tr. 58:4-59:8), are inadmissible, as set forth in the

Opposition at p. 26-27.  Defendants further object to Statement No. 37 on the additional ground

that the cited exhibit does not support the purported factual assertion set forth in Statement No.

37, in violation of Local Civil Rule 56.1, including as to what would be "familiar to most

dermatologists".  DeKoven did not conduct a survey or speak with any other dermatologist in

forming his opinions.  (JGD Tr. 79:5-8, 85:3-12; JGD Rep. at 8)  Instead, he reviewed a self-

selected group of journal articles and offers his personal view as to what he and other unspecified

dermatologists would recommend.  (JGD Tr. 85:13-86:15, 125:22-126:19; JGD Rep. at 8)

DeKoven himself concedes that he is not opining that the White Bottle was not recommended by

dermatologists.  (JGD Tr. 198:13-21 ████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████  Defendants also refer the Court to the Declarations

in Opposition to Plaintiff's Motion for Summary Judgment of Janet-Coope Epstein and Wendy

Saladyga, which contradict DeKoven's views regarding the ingredients in the White Bottle.

(JCE ¶ 4-5, 18-19; WS ¶ 5, 10)

        In addition, the results of the ██████ Survey support the Recommended Brand Claim.

(MM ¶ 13-17, Ex. 1) ████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████  From January 1, 2016 through December 31, 2016 – which covers Plaintiff's

purchase of the White Bottle – ████████████████████████████████

██████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

████████████████████████

**STATEMENT NO. 38:**

The results of the survey conducted by Robert Wallace were that . *Id.*, at 11-12 (emphasis added).

**RESPONSE TO STATEMENT NO. 38:**

Disputed.  Defendants object to Statement No. 38 on the ground that it attempts to set forth attorney argument and purported legal conclusions instead of a statement of material fact. Statement No. 38 includes an "*Id.*" citation.  To the extent that citation is meant to refer to the DeKoven Report, GSG Ex. 27, the last citation in Statement No. 37, that document does not support the purported factual assertion set forth in Statement No. 38, and is not admissible for the reasons set forth above (*see, e.g.*, Responses to Statement Nos. 30-32, 37).  To the extent that citation was a typographical error and is meant to refer to the Wallace Report, GSG Ex. 26, Defendants object to Statement No. 38.

Statement No. 38 lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1, for the purported factual assertions set forth therein.  The numerous serious defects with Robert Wallace's survey and opinions (GSG Ex. 26) render his work inadmissible, as set forth in the Opposition at p. 27-30.  In addition, Dr. Stephen M. Nowlis disputes Wallace's methodology, survey results and opinions, including that repeated in Statement No. 38.  (SN Rep. ¶ 6, 8-58)  Using the accepted method for calculating net deception, as set forth in the *Reference Manual*, ████████████████████████████████ ████████████████ (SN Rep. ¶ 24-27)

**STATEMENT NO. 39:**

███████████████████████████████████████████████████

██████████████████████████████████████

**RESPONSE TO STATEMENT NO. 39:**

Disputed.  Defendants object to Statement No. 39 on the ground that it attempts to set forth attorney argument instead of a statement of material fact, including the footnote included in Statement No. 39.  Statement No. 39 includes an "*Id.*" citation.  To the extent that citation is meant to refer to the DeKoven Report, GSG Ex. 27, the last citation in Statement No. 37, that document does not support the purported factual assertion set forth in Statement No. 39, and is not admissible for the reasons set forth above (*see, e.g.*, Responses to Statement Nos. 30-32, 37).  To the extent that citation was a typographical error and is meant to refer to the Wallace Report, GSG Ex. 26,  Defendants object to Statement No. 38.

Statement No. 39 lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1, for the purported factual assertions set forth therein.  The numerous serious defects with Robert Wallace's survey and opinions (GSG Ex. 26) render his work inadmissible, as set forth in the Opposition at p. 27-30.  In addition, Dr. Stephen M. Nowlis disputes Wallace's methodology, survey results and opinions, including that repeated in Statement No. 39.  (SN Rep. ¶ 6, 8-58)  Using the accepted method for calculating net deception, as set forth in the *Reference Manual*,██████████████████████████████████

████████████████████████  (SN Rep. ¶ 24-27)

---

[7] ████████████████████████████████████████████████████
██████████████████████████████████████████████████████
██████████████████████████████████████████████████████

**STATEMENT NO. 40:**

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████

**RESPONSE TO STATEMENT NO. 40:**

Disputed.  Defendants object to Statement No. 40 on the ground that it attempts to set

forth attorney argument instead of a statement of material fact.

Statement No. 40 lacks citation to evidence that would be admissible, as required by

Local Civil Rule 56.1, for the purported factual assertions set forth therein.  The numerous

serious defects with Robert Wallace's survey and opinions (GSG Ex. 26) render his work

inadmissible, as set forth in the Opposition at p. 27-30.  In addition, Dr. Stephen M. Nowlis

disputes Wallace's methodology, survey results and opinions, including that repeated in

Statement No. 40.  (SN Rep. ¶ 6, 8-58)  Using the accepted method for calculating net deception,

as set forth in the *Reference Manual*, ████████████████████████████████████████

████████████████████████  (SN Rep. ¶ 24-27)

**STATEMENT NO. 41:**

████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████

**RESPONSE TO STATEMENT NO. 41:**

Disputed.  Defendants object to Statement No. 41 on the grounds that it attempts to set

forth attorney argument and a purported legal conclusion instead of a statement of material fact.

Defendants further object to Statement No. 41 on the additional grounds that (1) it misstates the

contents of and opinions set forth in the Nowlis Report (Topper 6.2 Ex. 7); (2) it selectively

excerpts words from the cited exhibit without context and improperly seeks to present those

excerpts as support for purported factual assertions; and (3) the cited exhibit does not support the

purported factual assertions set forth in Statement No. 41, in violation of Local Civil Rule 56.

Defendants refer the Court to the complete Nowlis Report.  (Topper 6.2 Ex. 7) ██



─────────────────────

[8] To be clear, Plaintiff respectfully submits that the Nowlis Report itself is useless as it only asked
th ███████████████████████████████████████████

███████████████████████████████████████████  See, *Bowe v Pub.*
*Storage*, 1:14-CV-21559-UU, 2015 WL 10858370, at *5 (S.D. Fla. June 2, 2015) (holding that
Nowlis' survey asked the wrong question because it asked people *why* they purchased the
product rather than the correct inquiry "which is whether an objective reasonable consumer
would have been deceived by Public Storage's alleged misrepresentations."

████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████████████

█████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

█████████████

Defendants also object to the footnote to Statement No. 41 as it improperly attempts to set forth attorney argument that should not be included pursuant to Local Civil Rule 56.1 – this is a transparent attempt by Plaintiff improperly to enlarge the Court's Order as to page-limits. (Topper Ex. 8 15:24-16:7)  It should be stricken (and is wrong).

**STATEMENT NO. 42:**

███████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████

**RESPONSE TO STATEMENT NO. 42:**

Disputed.  Defendants object to Statement No. 42 on the grounds that it attempts to set forth attorney argument instead of a statement of material fact.  The cited exhibits do not support the purported factual assertions set forth in Statement No. 42 in violation of Local Civil Rule 56.1.  Statement No. 42 lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1, for the purported factual assertions set forth therein.  Defendants further object to Statement No. 42 on the additional grounds that (1) it misstates the contents of the cited exhibit; (2) it selectively excerpts the cited exhibit without context and improperly seeks to present those excerpts as support for purported factual assertions; and (3) GSG Ex. 32 is an improper compound exhibit and Plaintiff has not met foundation requirements to demonstrate this exhibit is admissible.

GSG Ex. 32 shows ***a grand total of 9 complaints*** from New York consumers, including only 4 reports of exposure, during the period from October 2014 through March 2016.  Plaintiff examined Sun Products employee Jillaine Dellis about the spreadsheet included as part of GSG Ex. 32, and she confirmed that Sun Products received "very few" complaints about the White Bottle.  (JD ¶ 9-10; JD Tr. 127:9-128:3)  In New York, Sun Products has received *fewer than 10* exposure reports during the more than three-year period when Costco members purchased more than █████ units of the White Bottle.  (JD ¶ 9, GC ¶ 33)  This represents ███████████ of New York purchasers.  (JD ¶ 9)  Nationwide, the incidence of such reports during the same period is similarly minute: ██████████ units sold and *fewer than 100* consumers reporting exposures, ████████████ of purchasers nationwide.  (JD ¶ 10)

**STATEMENT NO. 43:**

Competitors to Defendant Sun, such as Tide, Arm & Hammer and even Costco's Kirkland Signature brand, make detergent products advertised as "free" and "clear." Hinck Dep., pp. 30-32.

**RESPONSE TO STATEMENT NO. 43:**

Statement No. 43 lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1, for the purported factual assertions set forth therein.  The cited deposition testimony does not support the purported factual assertions set forth in Statement No. 43, including "competitors".  Defendants do not dispute that the deponent testified:  "Q.  Right.  But, for example, you are familiar with the Arm & Hammer Oxi Free Clear -- Free and Clear, are you not?  MS. TOPPER:  Objection to form, foundation.  THE WITNESS:  That item has occasionally been in Costco, yes.  BY MR. GRAIFMAN:  Q.  And how about the Kirkland Signature Free and Clear?  MS. TOPPER:  Same objection.  THE WITNESS:  I'm familiar with that item as well."  (GSG Ex. 14 at 30:6-17)

**STATEMENT NO. 44:**

█████████████████████████████████████████████

**RESPONSE TO STATEMENT NO. 44:**

Statement No. 44 lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1, for the purported factual assertions set forth therein.  Statement No. 44 includes only an "*Id.*" citation.  To the extent that citation is meant to refer to GSG Ex. 14 at p. 30-32, the last citation in Statement No. 43, that testimony does not support the purported factual assertion set forth in Statement No. 44.  Defendants do not dispute that the deponent testified:  "Q:  And other companies use the terms 'free' and 'clear' on their laundry detergent products

whether sold at Costco or elsewhere, correct?  MS. TOPPER:  Objection to form.  THE

WITNESS:  We're not the only free and clear brand out there, yes." (GSG Ex. 14 at 30:19-24)

**STATEMENT NO. 45:**

███████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████

**RESPONSE TO STATEMENT NO. 45:**

Statement No. 45 lacks citation to evidence that would be admissible, as required by

Local Civil Rule 56.1, for the purported factual assertions set forth therein.  The cited exhibit

does not support the purported factual assertions set forth in Statement No. 45, in violation of

Local Civil Rule 56.1.  Defendants further object to Statement No. 45 on the additional grounds

that (1) it misstates the contents of the cited exhibit; (2) it selectively excerpts the cited exhibit

without context and improperly seeks to present those excerpts as support for purported factual

assertions; (3) Plaintiff has not met foundation requirements to demonstrate this exhibit is

admissible, including because on its face, the exhibit includes a document that is over one

hundred pages (see "Table of Contents" at HEID0060114) but it attaches only a portion of the

document, trying to set forth an explanation for doing so in a footnote; and (4) the annexed pages

in the exhibit do not list the Product.  Defendants do not dispute that the first page of GSG Ex. 71

is titled "'all free clear segmentation" and that Plaintiff is relying on a brand-level marketing

document ("such as AFC+, which are part of their All free Clear product line") despite at times

claiming without basis that the Product is not part of the all® free clear brand.  Even the limited

_____

9 ████████████████████████████████████████████████
████████████████████████████████████

pages Plaintiff has annexed in GSG Ex. 71 contradict Plaintiff's theory. That document shows

that, at one point in time, for the all® free clear brand, multiple consumer groups were considered

████████████████████████████████████████████████████████

██████████████████████████████████████ GSG Ex. 71 at

HEID0060123)

**STATEMENT NO. 46:**

████████████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████████

**RESPONSE TO STATEMENT NO. 46:**

Disputed. Statement No. 46 lacks citation to evidence that would be admissible, as

required by Local Civil Rule 56.1, for the purported factual assertions set forth therein. The

cited exhibit does not support the purported factual assertions set forth in Statement No. 46 in

violation of Local Civil Rule 56.1. Defendants further object to Statement No. 46 on the

additional grounds that (1) it misstates the contents of the cited exhibit; (2) it selectively excerpts

the cited exhibit without context and improperly seeks to present those excerpts as "the strategy

for sale of AFC+ at Costco" – for example, Statement No. 46 leaves out that GSG Ex. 71 ███

████████████████████████████████████████████

██████████████████████████████████████ (3) Plaintiff has not met

foundation requirements to demonstrate this exhibit is admissible, including because on its face,

the exhibit includes a document that is over one hundred pages (see "Table of Contents" at

HEID0060114) but it attaches only a portion of the document, trying to set forth an explanation

for doing so in a footnote; and (4) the annexed pages in the exhibit do not list the Product.

Defendants do not dispute that the first page of GSG Ex. 71 is titled "'all free clear

segmentation" and that Plaintiff is relying on a brand-level marketing document ("such as AFC+,

which are part of their All free Clear product line") despite at times claiming without basis that

the Product is not part of the all® free clear brand.

Even the limited pages Plaintiff has annexed in GSG Ex. 71 contradict Plaintiff's theory.

That document shows that, at one point in time, for the all® free clear brand, multiple consumer

groups were considered – ████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████

███████████████

**STATEMENT NO. 47:**

████████████████████████████████████████

████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████

**RESPONSE TO STATEMENT NO. 47:**

Disputed.  Defendants object to Statement No. 47 on the grounds that it attempts to set forth attorney argument instead of a statement of material fact.  Statement No. 47 lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1, as required by Local Civil Rule 56.1, for the purported factual assertions set forth therein.  The cited exhibits do not support the purported factual assertions set forth in Statement No. 47 in violation of Local Civil Rule 56.1, including that "citing to dermatologist recommendations was an important strategy to maintain and increase its consumer base and differentiate All Free Clear products from its competitor brand detergents".  Defendants further object to Statement No. 47 on the additional grounds that (1) it misstates the contents of GSG Exs. 42 and 71; and (2) it selectively excerpts passages from the exhibits without context and improperly seeks to present those excerpts as support for purported factual assertions.

With respect to GSG Ex. 71, Plaintiff also objects on the additional grounds that (1) Plaintiff has not met foundation requirements to demonstrate this exhibit is admissible, including because on its face, the exhibit includes a document that is over one hundred pages (see "Table of Contents" at HEID0060114) but it attaches only a portion of the document, trying to set forth an explanation for doing so in a footnote; and (2) the annexed pages in the exhibit do not list the Product.  Defendants do not dispute that the first page of GSG Ex. 71 is titled "'all free clear segmentation" and that Plaintiff is relying on a brand-level marketing document ("such as AFC+, which are part of their All free Clear product line") despite at times claiming without basis that the Product is not part of the all® free clear brand.

Even the limited pages Plaintiff has annexed in GSG Ex. 71 contradict Plaintiff's theory. That document shows that, at one point in time, for the all® free clear brand, multiple consumer groups were considered – ███████████████████████████████████████

███████████████████████████████████████████████████

█████████████████████████████████████████████

██████████████████████████████████████████████████

█████████████████████████████████████

With respect to GSG Ex. 42, Plaintiff also objects on the additional grounds that the cited page does not indicate that it was authored by either Sun Products or Costco; it lists the name of a non-party and Plaintiff has not met foundation requirements to demonstrate this page is admissible, including under FRE 801(c).  Plaintiff chose not to pursue a subpoena of the non-party listed on the document.  (Topper 6.2 Ex. 15)  Even if Plaintiff could meet these requirements, Defendants object to Statement No. 8 on the additional grounds that (1) it misstates the contents of GSG Ex. 42; (2) it disregards that the cited page references "May 5th" but does not reflect a year; and (3) it selectively excerpts passages from the page without context and improperly seeks to present those excerpts.

**STATEMENT NO. 48:**



███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████

**RESPONSE TO STATEMENT NO. 48:**

Disputed.  Defendants object to Statement No. 47 on the grounds that it attempts to set forth attorney argument instead of a statement of material fact.  Plaintiff relies upon "Sun's internal communications", but argues in his brief that deception "turns on how consumers – not . . . members of Sun's marketing team – interpret the label's message".  (PB at 29)  Statement No. 48 lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1, for the purported factual assertions set forth therein, including as to "a priority purchase motivator", "[s]o important is the claim to AFC+ consumers", and "Sun insisted".  The cited exhibits do not support the purported factual assertions set forth in Statement No. 48 in violation of Local Civil Rule 56.1.  Defendants further object to Statement No. 48 on the additional grounds that (1) it misstates the contents of the cited exhibits; (2) it selectively excerpts passages from the exhibits without context and improperly seeks to present those excerpts as support for purported factual assertions.  For example, Statement No. 48 omits that in GSG Ex. 41 ████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████

With respect to GSG Ex. 42, Defendants also object on the additional grounds that the cited page does not indicate that it was authored by either Sun Products or Costco; it lists the name of a non-party and Plaintiff has not met foundation requirements to demonstrate this page

is admissible, including under FRE 801(c).  Plaintiff chose not to pursue a subpoena of the non-party listed on the document.  (Topper 6.2 Ex. 15)  Even if Plaintiff could meet these requirements, Defendants object to Statement No. 8 on the additional grounds that (1) it misstates the contents of GSG Ex. 42; (2) it disregards that the cited page references "May 5th" but does not reflect a year; (3) it selectively excerpts passages from the page without context and improperly seeks to present those excerpts; and (4) GSG Ex. 41, on its face, includes a single page of an e-mail, which is cut-off at the bottom, and therefore the exhibit is not admissible.

**STATEMENT NO. 49:**

███████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████

**RESPONSE TO STATEMENT NO. 49:**

Disputed.  Defendants object to Statement No. 49 on the grounds that it attempts to set forth attorney argument instead of a statement of material fact.  Statement No. 49 lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1, for the purported factual assertions set forth therein.  Statement No. 49 includes an "*Id.*" citation.  To the extent that citation is meant to refer to GSG Ex. 41, the last citation in Statement No. 48, that document does not support the purported factual assertion set forth in Statement No. 49 in violation of Local Civil Rule 56.1.  To the extent that citation was a typographical error and is meant to refer to the Wallace Report, GSG Ex. 26, Defendants object to Statement No. 49.

Statement No. 49 lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1, for the purported factual assertions set forth therein.  The numerous serious defects with Robert Wallace's survey and opinions (GSG Ex. 26) render his work

inadmissible, as set forth in the Opposition at p. 27-30.  In addition, Dr. Stephen M. Nowlis

disputes Wallace's methodology, survey results and opinions, including that repeated in

Statement No. 49.  (SN Rep. ¶ 6, 8-58)  Using the accepted method for calculating net deception,

as set forth in the *Reference Manual*, ██████████████████████████████

███████████████████████████████████████

████████████████████████████████████████

█████████████████████████████████████████

███████████████████████████████████████

███████████████████████

     ███████████████████████████████

███████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████

**STATEMENT NO. 50:**

     █████████████████████████████████████

███████████████████████████████████████

██

**RESPONSE TO STATEMENT NO. 50:**

     Disputed and not material.  Defendants object to Statement No. 50 on the grounds that it

attempts to set forth attorney argument instead of a statement of material fact.  The page cited in

Statement No. 50 does not support the purported factual assertion set forth therein in violation of

Local Civil Rule 56.1.  Statement No. 50 lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1, for the purported factual assertions set forth therein, including "because of its importance to consumers" and "designated an annual budget".  Defendants object to Statement No. 50 on the additional grounds that (1) it misstates the contents of GSG Ex. 61; (2) the cited page does not support the purported factual assertions set forth in Statement No. 50, in violation of Local Civil Rule 56.1, and on its face, GSG Ex. 61 includes a single page of an e-mail, which is cut-off at the bottom, and therefore the exhibit is not admissible; (3) it does not specify "that group of products" referenced; (4) the cited exhibit includes a date of March 14, 2018, which is more than two years after Plaintiff's purchase of the White Bottle and almost two years after Plaintiff filed this lawsuit; (5) it selectively excerpts passages from the cited page without context, including, but not limited to, testimony from the author of the e-mail; and (6) it is not relevant to the issues presently before the Court – Statement No. 50 does not claim that its purported factual assertions apply to the Product, instead only to "All Free Clear's #1 recommendation claim".  Defendants do not dispute that the cited exhibit includes the words

██████████████████████████████████████████

**STATEMENT NO. 51:**

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
███████████████████████████████

**RESPONSE TO STATEMENT NO. 51:**

Defendants object to Statement No. 51 on the ground that it attempts to set forth attorney argument and purported legal conclusions instead of a statement of material fact.  Statement No.

51 lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1, for the purported factual assertions set forth therein. Statement No. 51 does not cite any evidence in violation of Local Civil Rule 56.1.

**STATEMENT NO. 52:**



**RESPONSE TO STATEMENT NO. 52:**

Defendants refer the Court to the complete excel spreadsheets that are attached as Exhibit 8A (concerning the White Bottle) and Exhibit 8B (concerning the Blue Bottle) to the Declaration of George Cassidy, dated November 21, 2019. Sales records are the best evidence of sales and prices, as Plaintiffs concur in relying on the documents produced by Costco, but the exhibits referenced in Statement No. 52 include only excerpts of these produced documents and thus alterations made by Plaintiff's counsel. Defendants do not dispute that between September 23, 2014 and March 5, 2018 (the "Relevant Period" listed in Statement No. 52), New York Costco warehouses sold (1) ███ units of the White Bottle minus ██ returns, for a net total of ████ units (GC ¶ 33, Ex. 8A), and (2) ████ units of the Blue Bottle minus ██ returns, for a net total of ████ units (GC Ex. 8B).

**STATEMENT NO. 53:**

███████████████████████████████████████████████████████

██████████████████████████████

█████████████████████████████████████████████

█████████████████ ██ ███ ██

█████████████████████████████████████████████

**RESPONSE TO STATEMENT NO. 53:**

Disputed.  Defendants object to Statement No. 53 on the ground that it attempts to set

forth attorney argument and purported legal conclusions instead of a statement of material fact.

Statement No. 53 lacks citation to evidence that would be admissible, as required by Local Civil

Rule 56.1, for the purported factual assertions set forth therein.  The deposition testimony cited

does not support the purported factual assertion set forth in Statement No. 53, in violation of

Local Civil Rule 56.1, including as to "stated that the #1 recommendation drove more purchases

of AFC+".  Defendants also object to Statement No. 53's claim that the deponent testified "as

Sun's 30(b)(6) witness", as Mr. Hinck appeared under both Federal Rule 30(b)(1) and 30(b)(6),

per Plaintiff's request, from the Costco Sales Team with respect to interactions with Costco

concerning the Product.  Defendants further object to Statement No. 53 on the additional grounds

that (1) it misstates the cited deposition testimony; and (2) it selectively excerpts the cited

deposition testimony without context and improperly seeks to present those excerpts as support

for purported factual assertions.  Defendants do not dispute that the deponent testified: ████████

██████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████████████████████████████      (GSG Ex. 14 at 202:2-8)

**STATEMENT NO. 54:**

███████████████████████████████████████

█████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████

███████████████████████████

**RESPONSE TO STATEMENT NO. 54:**

Not material.  Defendants do not dispute that GSG Ex. 45 is an email from Paul Hinck

during 2017, after Plaintiff commenced this lawsuit (Dkt. 1).  Statement No. 54 selectively

excerpts the cited exhibit without context and improperly seeks to present those excerpts as

support for purported factual assertions, including that it leaves out the next sentence that states:

█████████████████████████████████████████████████ as well as the

other paragraphs of the communication.  (GSG Ex. 45)  Defendants also object to GSG Ex. 45 on

the grounds that the e-mail, on its face, annexes two attachments, both of which are not included.

**STATEMENT NO. 55:**

████████████████████████████████████████

█████████████████████

**RESPONSE TO STATEMENT NO. 55:**

Defendants object to Statement No. 55 on the ground that it attempts to set forth attorney

argument and purported legal conclusions instead of a statement of material fact.  Statement No.

55 lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1, for

the purported factual assertions set forth therein.  Statement No. 55 includes only an "*Id.*"

citation.  To the extent that citation is meant to refer to GSG Ex. 45, the last citation in Statement

No. 54, that document does not support the purported factual assertion set forth in Statement No. 55 in violation of Local Civil Rule 56.1. Defendants further object to Statement No. 55 on the additional grounds that it misstates the contents of GSG Ex. 45.  GSG Ex. 45 does not concern Defendants' profit.  Plaintiff's inability to cite admissible evidence for the purported factual assertions set forth in Statement No. 55 confirms the purported factual assertion set forth therein is without basis.

## STATEMENT NO. 56:

All putative class members suffered an economic injury in having overpaid for the product or paid a price premium for the product in question based on the deceptive labeling claim. Exh. 45; Exh. 41;  Exh. 71 at 60124 & 60129.  See ¶¶ 57 to 72, *infra*.

## RESPONSE TO STATEMENT NO. 56:

Defendants object to Statement No. 56 on the ground that it attempts to set forth attorney argument and purported legal conclusions instead of a statement of material fact.  Statement No. 56 lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1, for the purported factual assertions set forth therein.  The cited exhibits do not support the purported factual assertion set forth in Statement No. 56, in violation of Local Civil Rule 56.  Defendants object to Statement No. 56 on the additional grounds that it (1) misstates the contents of GSG Exs. 41, 45, and 71; and (2) it selectively excerpts the cited exhibits without context and improperly seeks to present those excerpts as support for purported factual assertions.  *See also* Response to Statement No. 48 (GSG Ex. 41); Nos. 54-55 (GSG Ex. 45); Nos. 45-47 (GSG Ex. 71)  None of the cited exhibits concern "economic injury" or a "price premium".  Plaintiff's inability to cite admissible evidence for the purported factual assertion set forth in Statement No. 56 confirms the purported factual assertion set forth therein is without basis.

**STATEMENT NO. 57:**

██████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████

**RESPONSE TO STATEMENT NO. 57:**

Defendants object to Statement No. 57 on the ground that it attempts to set forth attorney argument and purported legal conclusions instead of a statement of material fact.  Statement No. 57 lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1, for the purported factual assertions set forth therein.  The exhibits cited do not support the purported factual assertion set forth in Statement No. 57, in violation of Local Civil Rule 56.1, including as to a "specific intention to employ the #1 recommendation claim in order to charge customers a price premium".  Defendants otherwise object to Statement No. 57 on the additional grounds that (1) it misstates the cited exhibits; and (2) it selectively excerpts the cited exhibits without context and improperly seeks to present those excerpts as support for purported factual assertions. *See also* Response to Statement No. 48 (GSG Ex. 41); and Nos. 45-47 (GSG Ex. 71).  Plaintiff's inability to cite admissible evidence for the purported factual assertions set forth in Statement No. 57 confirms the purported factual assertion set forth therein is without basis.

**STATEMENT NO. 58:**

████████████████████████████████████████

████████████████████████████████████████████

**RESPONSE TO STATEMENT NO. 58:**

Defendants object to Statement No. 57 on the ground that it attempts to set forth attorney argument instead of a statement of material fact.  Statement No. 58 lacks citation to evidence that would be admissible, as required by Local Civil Rule 56, for the purported factual assertions set forth therein, including anything "Sun internally conceded".  Statement No. 58 includes only an "*Id.*" citation.  To the extent that citation is meant to refer to GSG Ex. 41, the last citation in Statement No. 57, that document does not support the purported factual assertion set forth in Statement No. 58, including that "A&H competed with lower priced detergents" – which is not material to the issues in this litigation – in violation of Local Civil Rule 56.1.  Defendants otherwise object to Statement No. 58 on the additional grounds that (1) it misstates the cited exhibit; and (2) it selectively excerpts the cited exhibit without context and improperly seeks to present those excerpts as support for purported factual assertions, including be not including a full sentence that includes "and Superior Whitening".

**STATEMENT NO. 59:**

██████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

████████████

**RESPONSE TO STATEMENT NO. 59:**

Defendants object to Statement No. 59 on the ground that it attempts to set forth attorney argument and purported legal conclusions instead of a statement of material fact.  Statement No. 59 lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1, for

the purported factual assertions set forth therein.  The exhibits cited do not support the purported

factual assertion set forth in Statement No. 59, in violation of Local Civil Rule 56.1, including

any pricing "[o]n account of the challenged claim.  Defendants otherwise object to Statement No.

59 on the additional grounds that (1) it misstates the cited exhibits; and (2) it selectively excerpts

the cited exhibits without context and improperly seeks to present those excerpts as support for

purported factual assertions.  Plaintiff's inability to cite admissible evidence for the purported

factual assertions set forth in Statement No. 59 confirms the purported factual assertion set forth

therein is without basis.

**STATEMENT NO. 60:**

>       After Plaintiff's purchase of the product at $15.79, Costco and Sun lowered the retail price from $15.79 to $14.99



>       It sold for as little as $13.29 retail at Costco

**RESPONSE TO STATEMENT NO. 60:**

>       Defendants object to Statement No. 60 on the ground that it attempts to set forth attorney

argument instead of a statement of material fact.  Statement No. 60 lacks citation to evidence that

would be admissible, as required by Local Civil Rule 56.1, for the purported factual assertions

set forth therein.  The deposition testimony cited does not support the purported factual

assertions set forth in the first, second, or third sentences of Statement No. 60, in violation of

Local Civil Rule 56.1.  The cited exhibits do not support the purported factual assertions set forth in the third or fourth sentences of Statement No. 60, in violation of Local Civil Rule 56.1. Defendants further object to Statement No. 60 on the additional grounds that (1) it misstates the cited exhibits; and (2) it selectively excerpts the cited exhibits without context and improperly seeks to present those excerpts as support for purported factual assertions,  For example, GSG Exs. 29, 35 and 57, relied upon by Statement No. 60, on their face, are cut-off or single pages of e-mail streams and therefore the exhibits are not admissible.  Defendants do not dispute that Plaintiff paid $15.79 for the White Bottle at the Nanuet, New York Costco warehouse on March 8, 2016, as set forth above in Response to Statement No. 2.  Defendants refer the Court to the sales data concerning the White Bottle that is attached as Exhibit 8A to the Declaration of George Cassidy, dated November 21, 2019.  Defendants do not dispute that the everyday low price (or retail price) of the White Bottle changed during the Relevant Period, including at times being $15.79 and $14.99.  (*Id.*; GC ¶ 18, 42)  Defendants do not dispute that the list price (or wholesale price) for the White Bottle changed during the Relevant Period, including in 2016 being ███████ for each unit.  (GC ¶ 16-17)  Defendants also do not dispute that Costco uses the same approach to set the everyday low price for each of the products in its Sundries Department, including laundry detergents. ██████████████████████████████████ ████████████████████████████████████ (GC ¶ 18)

**STATEMENT NO. 61:**

Hinck testified that the bottles for both KS Ultra Clean and KS Free and Clear are competitive products which are sold for *less* than AFC Plus (p. 112-113)[10]:

---

[10] In an attempt to create a disjointed and unreadable record, defense objected at each deposition to virtually *each and every* question asked.  In order to present the Court with a readable record here, those rote objections to form to every question have been removed from the quoted excerpts

Q. [W]hat is the retail price for Kirkland
Signature Ultra Clean in the current form and Kirkland
Signature Free and Clear in the current form?

THE WITNESS: It does vary by region. They would
have a price range typically of 13.99 to 14.79.

Q. So, they generally sell for less than the
AFC Plus product --
Q. -- at Costco?

THE WITNESS: It depends on how you look at
it. If you are looking at absolute price point, I
would agree with that statement. . . .

## RESPONSE TO STATEMENT NO. 61:

Defendants object to Statement No. 61 on the ground that it attempts to set forth attorney

argument instead of a statement of material fact.  Statement No. 61 lacks citation to evidence that

would be admissible, as required by Local Civil Rule 56.1, for the purported factual assertions

set forth therein.  The deposition testimony cited does not support the purported factual

assertions set forth in Statement No. 61, in violation of Local Civil Rule 56.1.  Statement No. 61

does not cite any evidence for the assertion that "both KS Ultra Clean and KS Free and Clear are

competitive products which are sold for less than AFC Plus", in violation of Local Civil Rule

56.1.  Defendants further object to Statement No. 61 on the additional grounds that (1) it

misstates the cited deposition testimony; and (2) it selectively excerpts the cited deposition

testimony without context and improperly seeks to present those excerpts as support for

purported factual assertions.  Defendants also object to the footnote to Statement No. 61 as it

improperly attempts to set forth attorney argument that should not be included pursuant to Local

Civil Rule 56.1; Plaintiff cannot ignore properly stated objections.

---

but are in the copy of the transcript in the listed Exhibit.  However, the Court should assume that
an objection to each question posed was made by defense counsel.

Defendants do not dispute that the cited transcript pages include the following: "Q. . . . [W]hat is the retail price for Kirkland Signature Ultra Clean in the current form and Kirkland Signature Free and Clear in the current form?  MS. TOPPER:  Objection to form, vague.  THE WITNESS:  It does vary by region.  They would have a price range typically of 13.99 to 14.79.  BY MR. GRAIFMAN:  Q.  So, they generally sell for less than the AFC Plus product -- MS. TOPPER:  Objection to form, vague.  BY MR. GRAIFMAN:  Q.  -- at Costco?  MS. TOPPER:  Same objection.  THE WITNESS:  It depends on how you look at it.  If you are looking at absolute price point, I would agree with that statement.  If you are looking at cost per load, cost per ounce, I would believe that's not a correct statement."  (GSG Ex. 14 at 112:21-113-13)

**STATEMENT NO. 62:**

Hinck testified that KS Environmentally Responsible and the competitive, Arm & Hammer "Yellow Bottle" both sold for less than ACF [sic] Plus (pp.114-115):

> Q. What other products in the liquid detergent
> aisle would be less than the AFC Plus product on a
> bottle, cost of the bottle of detergent?
>
> Q. And I'm talking about the retail cost to the customer in this context.
>
> THE WITNESS: Two come to mind. One would
> be the third item listed here, which is a Kirkland
> Signature environmentally responsible item.
>
> Q. And that sells for about 10.99?
>
> A. That item is traditionally at 10.99. Arm &
> Hammer also is at 10.99. There is a Kirkland
> Signature powder at 14.99 to 14.79. I believe on an
> every day basis, it would just be the two Kirkland
> Signature items I referenced, and the Arm & Hammer, as
> I would call it, yellow bottle that would be those price points.[11]

---

[11] It should be noted that, even by other metrics suggested by Defendants, such as the cost per load measure, the Arm & Hammer "Yellow Bottle" sells at Costco for a *lower price*. HEID0012791.xlsx, Exh. 33.

**RESPONSE TO STATEMENT NO. 62:**

Defendants object to Statement No. 62 on the ground that it attempts to set forth attorney argument instead of a statement of material fact.  Statement No. 62 lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1, for the purported factual assertions set forth therein.  The deposition testimony cited does not support the purported factual assertions set forth in Statement No. 62, in violation of Local Civil Rule 56.1.  Statement No. 62 does not cite any evidence for the assertion that "KS Environmentally Responsible" and the "Arm & Hammer 'Yellow Bottle'" are competitive with "ACF [sic] Plus".  Defendants further object to Statement No. 62 on the additional grounds that (1) it misstates the cited deposition testimony; and (2) it selectively excerpts the cited deposition testimony without context and improperly seeks to present those excerpts as support for purported factual assertions. Defendants also object to the footnote to Statement No. 62 as it improperly attempts to set forth attorney argument that should not be included pursuant to Local Civil Rule 56.1.

Defendants do not dispute that cited transcript pages include the following:  "Q.  What other products in the liquid detergent aisle would be less than the AFC Plus product on a bottle, cost of the bottle of detergent?  MS. TOPPER:  Objection to form, vague, and foundation.  BY MR. GRAIFMAN:  Q.  And I'm talking about the retail cost to the customer in this context.  MS. TOPPER:  Same objection with that clarification.  THE WITNESS:  Two come to mind.  One would be the third item listed here, which is a Kirkland Signature environmentally responsible item.  BY MR. GRAIFMAN:  Q.  And that sells for about 10.99?  A.  That item is traditionally at 10.99.  Arm & Hammer also is at 10.99.  There is a Kirkland Signature powder at 14.99 to 14.79. I believe on an every day basis, it would just be the two Kirkland Signature items I referenced, and the Arm & Hammer, as I would call it, yellow bottle that would be those price points."

(GSG Ex. 14 at 114:19-115:15)  A&H Oxi Clean, cited in the argument in the footnote in Statement No. 62, is not a free clear detergent.  (GC ¶ 50)

**STATEMENT NO. 63:**

██████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████████

████████

**RESPONSE TO STATEMENT NO. 63:**

      Defendants object to Statement No. 63 on the ground that it attempts to set forth attorney argument instead of a statement of material fact.  Statement No. 63 lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1, for the purported factual assertions set forth therein.  Statement No. 63 does not cite any evidence for the assertion in its first sentence in violation of Local Civil Rule 56.1.  The exhibit cited in Statement No. 63 does not support the purported factual assertions set forth in Statement No. 63, including that "the A&H Free Clear item . . . sold for $10.99 per bottle" or that "[t]his this precipitated a scurrying", in violation of Local Civil Rule 56.1.  Statement No. 63 does not cite any evidence for the purported factual assertion that ██████████████████████████████████████████████

███████ Defendants further object to Statement No. 63 on the additional grounds that (1) it misstates the cited exhibit; and (2) it selectively excerpts the cited exhibit without context and improperly seeks to present those excerpts as support for purported factual assertions.  ███████

████████████████████████████████████████████████

███████ (GSG Ex. 14 at 126:10-127:9)

**STATEMENT NO. 64:**

██████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████████████

██████

**RESPONSE TO STATEMENT NO. 64:**

Defendants object to Statement No. 64 on the ground that it attempts to set forth attorney argument instead of a statement of material fact.  Defendants further object to Statement No. 64 on the grounds that (1) it misstates the cited exhibit; and (2) it selectively excerpts the cited exhibit without context and improperly seeks to present those excerpts as support for purported factual assertions.  Defendants do not dispute that GSG Ex. 34 includes, among other things, words excerpted in Statement No. 64, without context, and that it includes an email signature for Wesley Zimmer that includes "Team Leader -- Customer Marketing".

**STATEMENT NO. 65:**

████████████████████████████████████████

████████████████████████████████████████████

██████

**RESPONSE TO STATEMENT NO. 65:**

Defendants object to Statement No. 65 on the ground that it attempts to set forth attorney argument instead of a statement of material fact.  Defendants further object to Statement No. 65 on the additional grounds that (1) it misstates the cited exhibit; and (2) it selectively excerpts the cited exhibit without context and improperly seeks to present those excerpts as support for

purported factual assertions.  Statement No. 65 lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1, for the purported factual assertions set forth therein.  GSG Ex. 53, on its face, includes a single cut-off page of an email and therefore is not admissible.  Defendants do not dispute that GSG Ex. 34 includes, among other things, words excerpted in Statement No. 65, without context.

**STATEMENT NO. 66:**

███████████████████████████████████████

████████████████████████████████

██████████████████████████████████████

██████████████████████████████████████

███████

**RESPONSE TO STATEMENT NO. 66:**

Defendants object to Statement No. 66 on the ground that it attempts to set forth attorney argument and purported legal conclusions instead of a statement of material fact.  Statement No. 66 lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1, for the purported factual assertions set forth therein.  The deposition testimony cited does not support the purported factual assertions set forth in Statement No. 66, in violation of Local Civil Rule 56.1.  Defendants further object to Statement No. 66 on the additional grounds that (1) it misstates the cited deposition testimony; and (2) it selectively excerpts the cited deposition testimony without context and improperly seeks to present those excerpts as support for purported factual assertions.

Defendants do not dispute that cited transcript pages include the following: ████████

██████████████████████████████████████

  
████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████

█████████████████████████████████

## STATEMENT NO. 67:

███████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████

## RESPONSE TO STATEMENT NO. 67:

Defendants object to Statement No. 67 on the ground that it attempts to set forth attorney argument and purported legal conclusions instead of a statement of material fact.  Statement No. 67 lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1, for the purported factual assertions set forth therein.  The exhibit cited does not support the purported factual assertions set forth in Statement No. 67, including that GSG Ex. 33 is a chart of "directly competitive products" or that "[a]ll were *less* than the deceptive AFC Plus", in violation of Local Civil Rule 56.1.  Defendants further object to Statement No. 67 on the additional

---

[12] The price of AFC Plus had increased slightly from $15.79 to $15.89.

grounds that (1) it misstates the cited exhibit; and (2) it selectively excerpts the cited exhibits

without context and improperly seeks to present those excerpts as support for purported factual

assertions.  GSG Ex. 33 as presented by Plaintiff lacks foundation as well and does not include a

date.  Subject to these objections, Defendants do not dispute that GSG Ex. 33 includes, among

other things, words excerpted in Statement No. 67, without context.  For example, the face of

GSG Ex. 33 contradicts Statement No. 67's statement with respect to "ASL".  The heading "All

Liquid Products" includes "all Ultra Stainfighter PLUS 237oz".

Statement No. 67 also disregards that GSG Ex. 33, on its face, uses a "cost per load"

measure.  A column in GSG Ex. 33 is labeled "CPL" – or "Cost Per Load". For example, GSG

Ex. 33 lists under the heading "█████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████

**STATEMENT NO. 68:**

████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

██████████████████████████████████████

████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████

████████████████████████████████████████████

## RESPONSE TO STATEMENT NO. 68:

Defendants object to Statement No. 68 on the ground that it attempts to set forth attorney argument and purported legal conclusions instead of a statement of material fact.  Statement No. 68 lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1, for the purported factual assertions set forth therein.  The exhibit cited does not support the purported factual assertions set forth in Statement No. 68, including that GSG Exs. 39-40 consist of a "second chart of the liquid laundry detergents competitive to" the White Bottle, in violation of Local Civil Rule 56.1.  Defendants further object to Statement No. 68 on the additional grounds that (1) it misstates the cited exhibits; and (2) it selectively excerpts the cited exhibits without context and improperly seeks to present those excerpts as support for purported factual assertions.  For example, as presented by Plaintiff, GSG Exs. 39-40 lacks foundation as to the geographic location of the information reflected and Statement No. 68 ignores the date on the face of the exhibits.  Subject to these objections, Defendants do not dispute that GSG Ex. 39 and 40 include, among other things, words excerpted in Statement No. 68, without context.

Statement No. 68, for example, disregards that GSG Ex. 40, on its face, uses a "cost per load" measure.  Rows in GSG Ex. 40 are labeled "Retail/Load" or "List/Load".  For example, GSG 40 includes, ███████████████████████████████████████████████

███████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████

## STATEMENT NO. 69:

████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████

## RESPONSE TO STATEMENT NO. 69:

Defendants object to Statement No. 69 on the ground that it attempts to set forth attorney argument and purported legal conclusions instead of a statement of material fact.  Statement No. 69 lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1, for the purported assertions set forth therein.  Statement No. 69 includes only an "*Id.*" citation.  To the extent that citation is meant to refer to GSG Ex. 40, the last citation in Statement No. 68, or both of GSG Ex. 39 and Ex. 40, those documents do not support the purported factual assertions set forth in Statement No. 69, including that "one (All Free Clear) is actually recommended and one (AFC Plus) is deceptively labeled)", in violation of Local Civil Rule 56.1.  Defendants further object to Statement No. 69 on the additional grounds that (1) it misstates the cited exhibits; and (2) it selectively excerpts the cited exhibits without context and improperly seeks to present those excerpts as support for purported factual assertions. Subject to these objections, Defendants do not dispute that GSG Ex. 40 includes, among other things, the words ███

██████████████████████████████████████

## STATEMENT NO. 70:

████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████

**RESPONSE TO STATEMENT NO. 70:**

Defendants object to Statement No. 70 on the ground that it attempts to set forth attorney argument instead of a statement of material fact. Statement No. 70 lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1, for the purported factual assertions set forth therein. The exhibit cited does not support the purported factual assertions set forth in Statement No. 70, in violation of Local Civil Rule 56.1. Defendants further object to Statement No. 70 on the additional grounds that (1) it misstates the cited exhibits; and (2) it selectively excerpts the cited exhibits without context and improperly seeks to present those excerpts as support for purported factual assertions. GSG Ex. 41, on its face, includes a single page of an e-mail, which is cut-off at the bottom, and therefore the exhibit is not admissible. Subject to these objections, Defendants do not dispute that GSG Ex. 41 includes, among other things, words excerpted in Statement No. 69, without context.

**STATEMENT NO. 71:**

█████████████████████████████████████████████████████

█████████████████████████████████████████████████████

**RESPONSE TO STATEMENT NO. 71:**

Defendants object to Statement No. 71 on the ground that it attempts to set forth attorney argument instead of a statement of material fact. Defendants further object to Statement No. 71 on the additional grounds that (1) it misstates the cited exhibit; and (2) it selectively excerpts the

cited exhibits without context and improperly seeks to present those excerpts as support for purported factual assertions.  As presented by Plaintiff, Statement No. 71 lacks foundation for the product "Arm & Hammer Oxi Max".  GSG Ex. 47, on its face, includes an attachment that Plaintiff has not presented to the Court.  Subject to these objections, Defendants do not dispute that GSG Ex. 47 includes an email from Mike Zomkowski, dated June 4, 2014, and lists in the signature block "Manager, Customer Development, Costco" and refers the Court to the email for its contents, which, among other things, includes a "cost per load" measure and that ████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████

**STATEMENT NO. 72:**

████████████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████

**RESPONSE TO STATEMENT NO. 72:**

Disputed.  Defendants refer the Court to the complete excel spreadsheet that is attached as Exhibit 8C to the Declaration of George Cassidy, dated November 21, 2019.  Sales records are the best evidence of sales and prices, as Plaintiff concurs in relying on the documents produced by Costco, but the exhibit referenced in Statement No. 72 includes only excerpts of the produced document and thus alterations made by Plaintiff's counsel.  Statement No. 72 presents inaccurate figures based on the excerpted sales data included in GSG Ex. 46, which purports to reflect sales data from Costco fiscal year 2016, period 3.  (GC Ex. 8C) ██████████████████████

███████████████████████████████████   (GC Ex. 1)  Plaintiff

purchased the White Bottle from the Costco warehouse in Nanuet, New York, on March 8, 2016.

(Eidelman Tr. at 33:3-11; Topper Ex. 3 at p. 6; GC ¶ 42)  This date falls in Costco fiscal year

2016, period 7.  (GC ¶ 42, Ex. 1)  During this period, the Costco warehouse in Nanuet, New

York sold ███ units of "A&H+OXI CLEAN LIQ LAUNDRY", item number 626431, at an

average price per unit of $15.69.  (GC Ex. 8C)  The A&H Oxi Clean product referenced in

Statement No. 72 is not a free clear detergent.  (GC ¶ 50)

**STATEMENT NO. 73:**

Plaintiff testified that he also bought laundry detergent products at other stores as well

(Eidelman Dep., pp. 60-62), and various products including Dreft detergent for babies (pp. 218-

219).

**RESPONSE TO STATEMENT NO. 73:**

Defendants do not dispute that the cited portions of the deposition transcript include the

following:  "Q.  Since you got your Costco membership card, have you purchased laundry

detergent at a store other than Costco?  A.  Yeah, I've purchased it, yeah.  Q.  At what stores

have you purchased laundry detergent products other than Costco?  A.  Local supermarkets.  Q.

One local supermarket or multiple local supermarkets?  A.  Multiple.", (GSG Ex. 17 at 60:16-

61:3), "Q.  What laundry detergents have you purchased outside of Costco?  A.  I don't

remember which ones it was.  Q.  Do you remember any of the laundry detergents that you

purchased outside of Costco?  A.  I don't recall which ones it was.", (GSG Ex. 17 at 61:25-62:9),

and "Q.  Have you ever purchased Dreft?  A.  Yes.  Q.  When have you purchased Dreft?  A.  I

don't remember when.  Q.  How many times have you purchased Dreft?  A.  I don't know, (GSG

Ex. 17 at 218:18-24).

**STATEMENT NO. 74:**

Plaintiff was also injured in that, had he not seen AFC Plus's deceptive label, he would have purchased a cheaper alternative detergent that day at Costco.  Eidelman Decl., ¶ 6-7.

**RESPONSE TO STATEMENT NO. 74:**

Defendants object to Statement No. 74 on the ground that it attempts to set forth attorney argument and a purported legal conclusion instead of a statement of material fact.  Statement No. 74 lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1, for the purported factual assertions set forth therein.  The cited paragraphs of the Eidelman Declaration include attorney argument and purported legal conclusions that violate FRCP 56(c)(4) and are not admissible evidence as required by Local Civil Rule 56.1.  *See* Eidelman Decl. ¶ 6 ("misrepresentations caused me to pay the premium price") and ¶ 7 ("misrepresentations relating to the #1 recommendation").  In addition, the Eidelman Declaration portions relied upon in Statement No. 74 are not consistent with Plaintiff's deposition testimony. Plaintiff testified at his deposition that he did not view the labels on detergent bottles laid out for sale at Costco's Nanuet, New York warehouse on March 8, 2016 before purchasing the White Bottle.  (Topper Ex. 4, Eidelman Tr. 86:5-22 ("Yeah, I don't think that I looked at any other ones"))  Plaintiff could not recall the other available liquid laundry detergent products at Costco's Nanuet, New York warehouse on March 8, 2016.  (*Id.* at 86:23-87:2)

**STATEMENT NO. 75:**

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

[REDACTED]

**RESPONSE TO STATEMENT NO. 75:**

Disputed.  Defendants object to Statement No. 75 on the ground that it attempts to set forth attorney argument and purported legal conclusions instead of a statement of material fact. Statement No. 75 lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1, for the purported factual assertions set forth therein.  Statement No. 75 does not cite any evidence in support of its first sentence.  The exhibits cited do not support the purported factual assertions set forth in the remainder of Statement No. 75, in violation of Local Civil Rule 56.1.  Defendants further object to Statement No. 75 on the additional grounds that (1) it misstates the cited exhibits; and (2) it selectively excerpts the cited exhibits without context and improperly seeks to present those excerpts as support for purported factual assertions.  Each of the cited exhibits contain cut-off pages of emails that are not admissible. The excerpted language in Statement No. 75, [REDACTED] [REDACTED] is not located in GSG Ex. 48.  Subject to those objections, Defendants do not dispute that, on their face, GSG Exs. 48 and 49 include, among other things, words excerpted in Statement No. 75, without context.  The cited

materials do not support the purported factual assertion in Statement No. 75 that ████

███████████████████████████████████

    Statement No. 75 ignores evidence that ████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████

## STATEMENT NO. 76:

Sun also received a price premium at $15.79 per bottle, since it voluntarily dropped the price of AFC Plus to $14.99, demonstrating that the $15.79 price was a premium price compared to what it should have been selling for. (see Dana Johnson Email, April 24, 2017 (HEID0016402, Exh. 35).

## RESPONSE TO STATEMENT NO. 76:

Defendants object to Statement No. 76 on the ground that it attempts to set forth attorney argument and a purported legal conclusion instead of a statement of material fact.  Statement No. 76 lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1, for the purported factual assertions set forth therein.  The cited page does not support the purported factual assertion set forth in Statement No. 76.  Statement No. 76 does not cite any evidence to support that Sun Products "received a price premium".  Plaintiff's inability to cite admissible evidence for this purported factual assertion confirms the purported factual assertion set forth therein is without basis.  Defendants further object to Statement No. 76 on the additional grounds that (1) it misstates the cited exhibit; and (2) it selectively excerpts the cited exhibit without context, including as to its date, and improperly seeks to present those excerpts as support for purported factual assertions.  GSG Ex. 35 on its face contains a single cut-off page of a multi-

page email and is therefore not admissible.  Defendants also refer to their Response to Statement No. 60.

**STATEMENT NO. 77:**

A simple review of the Costco store Shelf Tag facing the shopper, which is on the shelf where the items are sold, demonstrates that the ***per bottle price*** is the most important one to the consumer. Exh. 52 & Exh. 53.

**RESPONSE TO STATEMENT NO. 77:**

Defendants object to Statement No. 77 on the ground that it attempts to set forth attorney argument and purported legal conclusions instead of a statement of material fact.  Statement No. 77 lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1, for the purported factual assertions set forth therein.  The exhibits cited do not support the purported factual assertions set forth in the remainder of Statement No. 77, in violation of Local Civil Rule 56.1.  Statement No. 77 does not cite any evidence that "***per bottle price*** is the most important one to the consumer", in violation of Local Civil Rule 56.1.  As presented by Plaintiff, GSG Ex. 52 and Ex. 53 lack foundation, they do not include Bates numbers to confirm they were produced in this matter and lack information indicating, among other things the date and location of the photographs.  Plaintiff has not met foundational requirements to establish these exhibits are admissible as required by Local Civil Rule. 56.1 Defendants further object to Statement No. 77 on the additional grounds that (1) it misstates the contents of GSG Ex. 52 and Ex. 53; and (2) the cited exhibits do not include context for the photographs contained in them, including the date or location of the photographs.  Subject to these objections, Statement No. 77 omits that, on their face, the undated shelf tags tell consumers the number of ounces in a bottle and the number of

loads the detergent will wash.  (GSG Ex. 52 ("273OZ 158 LDS (7.40QTS)") and Ex. 53

("250OZ 160LDS"; "194OZ 126LDS"))

**STATEMENT NO. 78:**

The per bottle price display is *multiple times* larger than any other price metric displayed

on the Shelf Tag.  A copy of the AFC Plus Shelf Tag is annexed as Exh. 52.  Copies of various

Shelf Tags of the competitive liquid laundry detergent products sold at Costco are annexed as

Exh. 53.

**RESPONSE TO STATEMENT NO. 78:**

Defendants object to Statement No. 78 on the ground that it attempts to set forth attorney

argument and purported legal conclusions instead of a statement of material fact.  Statement No.

78 lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1, for

the purported factual assertions set forth therein.  The exhibits cited do not support the purported

factual assertions set forth in the remainder of Statement No. 78, in violation of Local Civil Rule

56.1.  Statement No. 78 does not cite any evidence as to "competitive liquid laundry detergent

products", in violation of Local Civil Rule 56.1.  As presented by Plaintiff, GSG Exs. 52 and 53

lack foundation, they do not include Bates numbers to confirm they were produced in this matter

and lack information indicating, among other things the date and location of the photographs.

Plaintiff has not met foundational requirements to establish these exhibits are admissible as

required by Local Civil Rule 56.1.  Defendants further object to Statement No. 78 on the

additional grounds that (1) it misstates the contents of GSG Ex. 52 and Ex. 53; and (2) the cited

exhibits do not include context for the photographs contained in them, including the date or

location of the photographs.  Subject to these objections, Statement No. 78 ignores that, on their

face, the undated shelf tags tell consumers the number of ounces in a bottle and the number of

loads the detergent will wash.  (GSG Ex. 52 ("273OZ 158 LDS (7.40QTS)") and Ex. 53

("250OZ 160LDS"; "194OZ 126LDS"))

**STATEMENT NO. 79:**

As the consumer walks down the aisle, the price per bottle is the primary price metric on

each Shelf Tag. *Id*.

**RESPONSE TO STATEMENT NO. 79:**

Defendants object to Statement No. 79 on the ground that it attempts to set forth attorney

argument and purported legal conclusions instead of a statement of material fact.  Statement No.

79 lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1, for

the purported factual assertion set forth therein.  Statement No. 79 does not cite any evidence for

the purported assertion as to "primary price metric".  Statement No. 79 includes only an "*Id.*"

citation.  To the extent that citation is meant to refer to GSG Exs. 52-53, the last citation in

Statement No. 78, those documents do not support the purported factual assertion set forth in

Statement No. 79 and Defendants incorporate their Response to Statement Nos. 77 and 78.

**STATEMENT NO. 80:**

In fact, there is no "per load" price for the consumer to see on the tag at all.  *Id*.

**RESPONSE TO STATEMENT NO. 80:**

Defendants object to Statement No. 80 on the ground that it attempts to set forth attorney

argument and purported legal conclusions instead of a statement of material fact.  Statement No.

80 lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1, for

the purported factual assertion set forth therein.  To the extent that citation is meant to refer to

GSG Exs. 52-53, those documents do not support the purported factual assertion set forth in

Statement No. 80, in violation of Local Civil Rule 56.1 and Defendants incorporate their

Response to Statement Nos. 77 through 79.  Subject to those objections, on their face, GSG Ex. 52 and 53 contradict the purported factual assertions set forth in Statement No. 80.  The undated shelf tags tell consumers the number of ounces in a bottle and the number of loads the detergent will wash.  (GSG Ex. 52 ("273OZ 158 LDS (7.40QTS)") and Ex. 53 ("250OZ 160LDS"; "194OZ 126LDS"))

**STATEMENT NO. 81:**

The per bottle price is the relevant price for purposes of determining a price premium, because it's the one that a reasonable consumer would use in choosing to purchase a bottle of the competitive liquid laundry detergent products at Costco.  *Id*.

**RESPONSE TO STATEMENT NO. 81:**

Defendants object to Statement No. 81 on the ground that it attempts to set forth attorney argument and purported legal conclusions instead of a statement of material fact.  Statement No. 81 lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1, for the purported factual assertions set forth therein.  Statement No. 81 does not cite any evidence for the purported assertion as to "per bottle price is the relevant price for purposes of determining a price premium" or "the one that a reasonable consumer would use in choosing to purchase a bottle".  Statement No. 81 includes only an "*Id.*" citation.  To the extent that citation is meant to refer to GSG Exs. 52-53, those documents do not support the purported factual assertion set forth in Statement No. 81, in violation of Local Civil Rule 56.1, and Defendants incorporate their Response to Statement Nos. 77 through 80.

**STATEMENT NO. 82:**

███████████████████████████████████████████████████

█████████████████████████████████████████████████

███████████████████████████

**RESPONSE TO STATEMENT NO. 82:**

      Defendants object to Statement No. 82 on the ground that it attempts to set forth attorney argument and purported legal conclusions instead of a statement of material fact.  Statement No. 82 lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1, for the purported factual assertions set forth therein.  The exhibits cited do not support the purported factual assertions set forth in the remainder of Statement No. 82, in violation of Local Civil Rule 56.1. Defendants further object to Statement No. 82 on the grounds that (1) it misstates the cited exhibits; and (2) it selectively excerpts the cited exhibits without context and improperly seeks to present those excerpts as support for purported factual assertions.  Defendants refer the Court to the complete excel spreadsheets that are attached as Exhibit 8A (concerning the White Bottle) and Exhibit 8B (concerning the Blue Bottle) to the Declaration of George Cassidy, dated November 21, 2019.  Sales records are the best evidence of sales and prices, as Plaintiff concurs in relying on the documents produced by Costco, but the exhibits referenced in Statement No. 82 include only excerpts of these produced documents and thus alterations made by Plaintiff's counsel.  Defendants also refer the Court to the exhibits relied upon by Plaintiff in Statement No. 68, which, subject to the objections stated to GSG Ex. 40, use a "price per load" measure.

**STATEMENT NO. 83:**

Even if it were part of the Shelf Tag, which it is not, there is no true metric with which a consumer could compare different detergents based on a price "per load" measurement.  Exh. 52 & Exh. 53.

**RESPONSE TO STATEMENT NO. 83:**

Defendants object to Statement No. 83 on the ground that it attempts to set forth attorney argument and purported legal conclusions instead of a statement of material fact.  Statement No. 83 lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1, for the purported factual assertions set forth therein.  The exhibits cited do not support the purported factual assertions set forth in Statement No. 83, in violation of Local Civil Rule 56.1.  Statement No. 83 does not cite any evidence as to "no true metric with which a consumer could compare", in violation of Local Civil Rule 56.1.  As presented by Plaintiff, GSG Exs. 52 and 53 lack foundation, they do not include Bates numbers to confirm they were produced in this matter and lack information indicating, among other things the date and location of the photographs.  Plaintiff has not met foundational requirements to establish these exhibits are admissible as required by Local Civil Rule 56.1.  Defendants further object to Statement No. 83 on the additional grounds that (1) it misstates the contents of GSG Ex. 52 and Ex. 53; and (2) the cited exhibits do not include context for the photographs contained in them, including the date or location of the photographs.  Subject to these objections, Statement No. 83 ignores that, on their face, GSG Exs. 52 and 53 contradict the purported factual assertions set forth therein.  The undated shelf tags tell consumers the number of ounces in a bottle and the number of loads the detergent will wash.  (GSG Ex. 52 ("273OZ 158 LDS (7.40QTS)") and Ex. 53 ("250OZ 160LDS"; "194OZ 126LDS"))

**STATEMENT NO. 84:**

The price per load would depend on, among other things, the size of the load of clothing being washed, how much or little water is used; how concentrated the detergent is; and how much liquid a particular consumer uses.

**RESPONSE TO STATEMENT NO. 84:**

Defendants object to Statement No. 84 on the ground that it attempts to set forth attorney argument and purported legal conclusions instead of a statement of material fact.  Statement No. 84 lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1, for the purported factual assertions set forth therein.  Statement No. 84 does not cite any evidence in violation of Local Civil Rule 56.1

**STATEMENT NO. 85:**

The "per load" measurement is wholly subjective and Defendants have submitted no manner or method in which to make that determination.

**RESPONSE TO STATEMENT NO. 85:**

Defendants object to Statement No. 85 on the ground that it attempts to set forth attorney argument and purported legal conclusions instead of a statement of material fact.  Statement No. 85 lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1, for the purported factual assertions set forth therein.  Statement No. 85 does not cite any evidence in violation of Local Civil Rule 56.1.

**STATEMENT NO. 86:**

The subject bottle of AFC+ purchased by Plaintiff on March 8, 2017 was used for laundering on one day only, and remains almost full. See Eidelman Dep., pp. 52:2-18; 112:14-18 (Exh.17); Eidelman Decl. ¶¶ 10, 13.

**RESPONSE TO STATEMENT NO. 86:**

Defendants do not dispute that Plaintiff purchased a single bottle of all® free clear PLUS+ liquid laundry detergent ("White Bottle" or "Product") from the Costco warehouse in Nanuet, New York, on March 8, 2016 (not 2017), as set forth in Response to Statement No. 1. Defendants do not dispute that Plaintiff used the White Bottle to wash one or more loads of laundry.  (GSG Ex. 17 at 99:10-100:22)  The cited paragraphs of the Eidelman Declaration also include attorney argument and purported legal conclusions that violate FRCP 56(c)(4) and are not admissible evidence as required by Local Civil Rule 56.1.  *See* Eidelman Decl. ¶ 10 ("my counsel and I determined that the product was not, in fact, recommended") and ¶ 13 ("I consider that also to be part of my injury and damages").

**STATEMENT NO. 87:**

Plaintiff was injured in that he was not able to use the rest of his purchased AFC Plus detergent to wash his family's laundry loads after he discovered that it was, in fact, not recommended by dermatologists for those with sensitive skin; nor could it be, in light of its inclusion of harsh ingredients, including a well-known allergen. Eidelman Decl. ¶¶ 10, 13.

**RESPONSE TO STATEMENT NO. 87:**

Defendants object to Statement No. 87 on the ground that it attempts to set forth attorney argument and a purported legal conclusion instead of a statement of material fact.  Statement No. 87 lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1, for the purported factual assertions set forth therein.  The exhibits cited do not support the purported factual assertions set forth in the remainder of Statement No. 87, in violation of Local Civil Rule 56.1.  The cited paragraphs of the Eidelman Declaration include attorney argument and purported legal conclusions that violate FRCP 56(c)(4) and are not admissible evidence as

required by Local Civil Rule 56.1.  *See* Eidelman Decl. ¶ 10 ("my counsel and I determined that

the product was not, in fact, recommended") and ¶ 13 ("I consider that also to be part of my

injury and damages").  Defendants also object to Statement No. 87 on the ground that the

Eidelman Declaration is not consistent with deposition testimony.  Plaintiff testified at his

deposition that he does not know what MIT is.  (Topper 6.2 Ex. 3, Eidelman Tr. 179:20-24 (Q:

Do you know what MIT is? . . . A:  No."))  Defendants further object to Statement No. 87 on the

additional ground that the cited paragraphs of the Eidelman Declaration do not support the

purported factual assertions set forth in Statement No. 87, including that they do not mention

"harsh ingredients" or "allergens", in violation of Local Civil Rule 56.1.

**STATEMENT NO. 88:**

Plaintiff believes he was deceived by the #1 recommendation label.  *Id*., ¶¶10-14.

**RESPONSE TO STATEMENT NO. 88:**

Defendants object to Statement No. 88 on the ground that it attempts to set forth attorney

argument and a purported legal conclusion instead of a statement of material fact.  Statement No.

88 lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1, for

the purported factual assertions set forth therein.  The cited paragraphs of the Eidelman

Declaration include attorney argument and purported legal conclusions that violate FRCP

56(c)(4) and are not admissible evidence as required by Local Civil Rule 56.1.  *See* Eidelman

Decl. ¶ 10 ("my counsel and I determined that the product was not, in fact, recommended"), ¶ 11

("As a result of being deceived"), ¶ 12 ("My attorneys have informed me"), ¶ 13 ("I consider that

also to be part of my injury and damages"), and ¶ 14 (seeking to "enjoin the continued use of a

deceptive label so that others are not similarly fooled and subsequently injured as a result of the

deceptive advertising").  Subject to these objections, Defendants do not dispute that the

Eidelman Declaration states that Plaintiff feels he was "deceived".  (Eidelman Decl. ¶ 11)

**STATEMENT NO. 89:**

Plaintiff would not have purchased the AFC+ that day at Costco and paid the price he did

if it did not have the misrepresentation relating to the #1 recommendation that deceived him.

Eidelman Decl. *Id*., ¶¶6-7.

**RESPONSE TO STATEMENT NO. 89:**

Defendants object to Statement No. 89 on the ground that it attempts to set forth attorney

argument and a purported legal conclusion instead of a statement of material fact.  Statement No.

89 lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1, for

the purported factual assertions set forth therein.  The cited paragraphs of the Eidelman

Declaration include attorney argument and purported legal conclusions that violate FRCP

56(c)(4) and are not admissible evidence as required by Local Civil Rule 56.1.  *See* Eidelman

Decl. ¶ 6 ("misrepresentations caused me to pay the premium price") and ¶ 7

("misrepresentations relating to the #1 recommendation").  Plaintiff admitted at his deposition

that the White Bottle label provided him with accurate information once he actually read the

words on the label.  (Topper Ex. 4, Eidelman Tr. 38:8-18)  Subject to these objections,

Defendants do not dispute that the Eidelman Declaration states that Plaintiff "would not have

purchased the AFC Plus product and paid the price I did on March 8, 2016 if the product did not

have" the Recommended Brand Claim.  (Eidelman Decl. ¶ 7)

**STATEMENT NO. 90:**

The ingredients of the AFC+ detergent purchased by Plaintiff are not listed on the bottle and there is no realistic way to determine the ingredients at the point of purchase. *Id*., ¶ 8; Photos of AFC+ bottle at Exh. 2.

**RESPONSE TO STATEMENT NO. 90:**

Disputed.  Defendants object to Statement No. 90 on the ground that it attempts to set forth attorney argument instead of a statement of material fact.  Statement No. 90 lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1, for the purported factual assertions set forth therein.  The exhibit cited does not support the purported factual assertions set forth in the remainder of Statement No. 90, in violation of Local Civil Rule 56.1.  The cited exhibit purports to be a picture of the front and back of the Product at issue in this litigation, which is available to the Court as identified by Plaintiff at his deposition (*See* Topper Ex. 1).  The White Bottle label provides a web address and a toll free phone number to contact for a list of ingredients.  (Topper Ex. 1)  Plaintiff's complaint contradicts the purported factual assertions set forth in Statement No. 90; Plaintiff's complaint includes a listing of Product ingredients. (FAC ¶ 18)

**STATEMENT NO. 91:**

Plaintiff's actual damages relating to the deception due to his purchase of the AFC+ will not be equal to fifty dollars.  Purchase receipt at Exh. 24; GBL §349(h) and 350-e (3).

**RESPONSE TO STATEMENT NO. 91:**

Defendants object to Statement No. 91 on the ground that it attempts to set forth attorney argument and a purported legal conclusion instead of a statement of material fact.  Statement No. 91 lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1, for

the purported factual assertions set forth therein.  The exhibit cited does not support the

purported factual assertions set forth in the remainder of Statement No. 91, in violation of Local

Civil Rule 56.1.

**STATEMENT NO. 92:**

Due to the amount of actual damages, Plaintiff is entitled to, *inter alia*, the fifty dollars

statutory damages under GBL §349 and five hundred dollars statutory damages under GBL

§350. *Id*.

**RESPONSE TO STATEMENT NO. 92:**

Defendants object to Statement No. 92 on the ground that it attempts to set forth attorney

argument and a purported legal conclusion instead of a statement of material fact.  Statement No.

92 lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1, for

the purported factual assertions set forth therein.  Statement No. 92 does not cite any evidence in

violation of Local Civil Rule 56.1.  Defendants do not dispute that Plaintiff paid $15.79 for the

White Bottle, as set forth above in Response to Statement No. 2.

**STATEMENT NO. 93:**

Although Plaintiff would not purchase the AFC+ product as currently constituted because

of its inclusion of allergens, specifically MIT and/or chemicals which would not be

recommended by dermatologists for those with sensitive skin (See Dekoven Report, pp. 8-9,

Exh. 27, he would purchase the AFC+ detergent if the ingredients were changed so that all harsh

preservatives and/or allergens were removed so that the detergent is, in fact, a product which

could be considered the #1 product recommended for people with sensitive skin. Plff. Decl. ¶16.

**RESPONSE TO STATEMENT NO. 93:**

Defendants object to Statement No. 93 on the ground that it attempts to set forth attorney argument and a purported legal conclusion instead of a statement of material fact.  Statement No. 93 lacks citation to evidence that would be admissible, as required by Local Civil Rule 56.1, for the purported factual assertions set forth therein.  The exhibit cited does not support the purported factual assertions set forth in the remainder of Statement No. 93, in violation of Local Civil Rule 56.1.  The opinions of Dr. Joel G. DeKoven, a Canadian dermatologist who has never been licensed to practice in the United States (JGD Tr. 58:4-59:8), are inadmissible, as set forth in the Opposition at p. 26-27.  Defendants further object to Statement No. 93 on the additional ground that the cited exhibit does not support the purported factual assertion set forth in Statement No. 93, in violation of Local Civil Rule 56.1, including as to what would be "familiar to most dermatologists".  DeKoven did not conduct a survey or speak with any other dermatologist in forming his opinions.  (JGD Tr. 79:5-8, 85:3-12; JGD Rep. at 8)  Instead, he reviewed a self-selected group of journal articles and offers his personal view as to what he and other unspecified dermatologists would recommend.  DeKoven himself concedes that he is not opining that the White Bottle was not recommended by dermatologists.  (JGD Tr. 198:13-21) Defendants also refer the Court to the Declarations in Opposition to Plaintiff's Motion for Summary Judgment of Janet-Coope Epstein (¶ 4-5, 18-19), Wendy Saladyga (¶ 5, 10) and Jillaine Dellis (¶ 5-6), and Declaration in Support of Defendants Motion for Summary Judgment of Michael Monteleone (¶ 13, 17, Ex. 1), which dispute the purported factual assertions set forth in Statement No. 93.

Defendants further object to Statement No. 93 on the additional ground that the cited paragraph of the Eidelman Declaration includes attorney argument and purported legal

conclusions that violate FRCP 56(c)(4) and is not admissible evidence as required by Local Civil

Rule 56.1.  (*See* Eidelman Decl. ¶ 16)  Defendants also object to Statement No. 93 on the ground

that the Eidelman Declaration is not consistent with Plaintiff's deposition testimony.  At his

deposition, Plaintiff testified that he would not purchase the White Bottle again.  (Topper Ex. 4,

Eidelman Tr. 226:21-227:2 ("Q.  Would you purchase the product again?  MR. BRODY: I object

to form.  THE WITNESS:  This product?  Q.  Yes.  A.  No.")

**ADDITIONAL MATERIAL FACTS**
**WITH RESPECT TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

94.     Surveys of healthcare professionals conducted by a respected third-party survey

company support the claim on the Recommended Brand Claim.  (MM ¶ 13)

95.     ████████████████████████████████

██████████████████████████

96.     █████████████████████████

███████████████████████████████

██████████

97.     █████████████████████████

██████████████

98.     █████████████████████████

████████████████████████████████

███████

99.     █████████████████████████

██████

100.    ████████████████████████

101. ███████████████████████████████████████████

███████████████████████████████████████

102.    Sun Products received claim substantiation statements from the ███████ survey company based on survey results.  (MM ¶ 17, Ex. 1)

103. ███████████████████████████████████████████

█████████████████████████████████████

104. ███████████████████████████████████████

███████████████████████████ ███████████████████████████

█████████████████████████████

105. ███████████████████████████████████████

███████████████████ ████████████████████████████

█████████████████████████████████████████

████████████████████████

106.    Plaintiff's expert, Robert Wallace, did not review the ███████ survey, its results, or any other claims substantiation documentation produced by Sun Products.  (RW Tr. 376:24-379:6)

107.    Claims substantiation documentation "would have been helpful" to Plaintiff's expert, Robert Wallace, in rendering his opinions.  (RW Tr. 376:24-379:6)

108.    Plaintiff's expert, Robert Wallace, did not consider Plaintiff's allegation that a consumer would not be able to tell the difference between the Recommended Brand Claim and claims on other all® detergents.  (RW Tr. 402:18-404:24; FAC ¶ 17)

109.    Plaintiff's expert, Joel G. DeKoven, did not conduct a survey or speak with any other dermatologist in forming his opinions.  (JGD Tr. 79:5-8, 85:3-12; JGD Rep. at 8)

110.    Plaintiff's expert, Joel G. DeKoven, is not opining that the White Bottle was not recommended by dermatologists. ███████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████████████

████████████████████████████████

111.    The White Bottle has included Rocima™ 586 ("Rocima").  (JD Opp. ¶ 4; JCE ¶ 4)

112.    Rocima is a broad spectrum preservative for water-based household and industrial products and raw materials.  (JD Opp. ¶ 4; JCE ¶ 4)

113.    The U.S. Environmental Protection Agency ("EPA") has approved Rocima for use in liquid laundry detergent.  (JD Opp. ¶ 5; JCE ¶ 4)

114.    Rocima's active ingredients are 2-bromo-2-nitro-1,3-Propanediol, 2-Methyl-4-isothiazolin-3-one ("MIT" or "MI"), and 5-Chloro-2-methyl-4-isothiazolin-3-one ("MCI").  (JD Opp. ¶ 6; JCE ¶ 4)

115.    A preservative serves an important and necessary function in a liquid laundry detergent like the White Bottle.  From a formulation standpoint, a preservative helps keep a liquid laundry detergent safe by preventing contamination by bacteria and mold.  (JCE ¶ 5)

116.    ███████████████████████████████████████████

███████████████████████████████ (JCE ¶ 7)

117.    The amount of preservative or other ingredient in a product's formula is often referred to as the concentration.  (JCE ¶ 8)

118.    Concentration can be expressed as a percentage or in parts per million ("ppm").  1 ppm is equal to 0.0001%.  (JCE ¶ 8)

119.     1 ppm is, roughly speaking, the equivalent of a single drop of a substance in 13.2 gallons of water.  (JCE ¶ 8)

120.     EPA guidelines, in place since 2008, allow for a concentration of Rocima in liquid detergent products of 0.05% to 0.15%.  (JD Opp. ¶ 5; JCE ¶ 9)

121.     The White Bottle's formulation has complied with EPA guidance.  (JD Opp. ¶ 5; JCE ¶ 10)

122.     The concentration of Rocima in the White Bottle has been within the EPA guidelines and well below 0.15%.  (JCE ¶ 10)

123.     The concentration of Rocima in the White Bottle as of March 2016 was ███ (JCE ¶ 10)

124.     At other times, the concentration of Rocima in the White Bottle has been ███. (JCE ¶ 10)

125.     The amount of MIT or MCI in the White Bottle represents a much smaller percentage than does the percentage of Rocima in the Product because Rocima includes ingredients other than MIT and MCI, including, for example, water.  (JCE ¶ 11)

126.     MIT and MCI compose a small fraction of Rocima's small percentage in the White Bottle.  (JCE ¶ 11)

127.     The concentration of MIT in Rocima is ███ (JCE ¶ 11)

128.     The concentration of MCI in Rocima is ███ (JCE ¶ 11)

129.     As of March 2016, the White Bottle contained ███████ of MIT. (JCE ¶ 12)

130.     As of March 2016, the White Bottle contained ███████ of MCI. (JCE ¶ 13)

131.    At other times, the White Bottle has included ████████████ of MIT and ███████████████ of MCI.  (JCE ¶ 14)

132.    MIT has been used as a preservative in other liquid laundry detergent products, including other liquid laundry detergent products that are labeled as free and clear.  (JCE ¶ 15)

133.    MIT is contained in Arm & Hammer™ plus Oxiclean™ Liquid Laundry Detergent Sensitive – Fragrance & Dye Free, *see* https://churchdwight.com/ingredient-disclosure/laundry-fabric-care/42011852-ah-plus-oxi-liquid-sensitive-fragrance-and-dye-free.aspx *accessed on* June 1, 2020.  (Topper 6.2 Decl. Ex. 9)

134.    MIT is contained in laundry detergents that include the words "MADE *for* SENSITIVE SKIN" on the label, *see* https://www.seventhgeneration.com/laundry-detergent-free-clear *accessed on* June 1, 2020.  (Topper 6.2 Decl. Ex. 10)

135.    MIT is contained in laundry detergents made for babies, such as WOOLITE® BABY™ LAUNDRY DETERGENT, *see* http://www.rbnainfo.com/product.php?productLineId=1971 *accessed on* June 1, 2020.  (Topper 6.2 Decl. Ex. 11)

136.    MIT is contained in laundry detergents that include the word "HYPOALLERGENIC" on the label, see https://www.ecos.com/product/laundry-detergent/hypoallergenic-laundry-detergent/free-and-clear/ *accessed on* June 1, 2020.  (Topper 6.2 Decl. Ex. 12)

137.    MIT and MCI are presently used in the United States in items like shampoo that are applied directly to a person's skin, including a well-known brand.  (JCE ¶ 15)

138.    Laundry detergent is not a cosmetic product.  (JD Opp. ¶ 7; JCE ¶ 16)

139.    Laundry detergent, including the White Bottle, is not applied directly to a person's skin during normal use.  (JD Opp. ¶ 7; JCE ¶ 16)

140.    Laundry detergent is not a leave-on product – i.e., a cosmetic that is meant to be applied directly to a person's skin, such as make-up or face cream.  (JD Opp. ¶ 7)

141.    Laundry detergent is not a rinse-off  product – i.e., a product that is meant to be applied directly to a person's skin and rinsed-off with water, such as bodywash.  (JD Opp. ¶ 7)

142.    Even the very small amounts of MIT and MCI that have been in the White Bottle formula do not represent the amount of MIT and MCI that comes into contact with a person's skin during normal use of the White Bottle.  (JCE ¶ 16)

143.    A small amount of the Product (i.e., 1.5 ounces) is mixed with gallons of water during a machine washing cycle, the laundered items then go through an additional machine rinse cycle with even more water, the laundry goes through a spin cycle to remove water, and then the laundered items are dried.  (JCE ¶ 17)

144.    Washing machines use different amounts of water, but even a high efficiency ("HE") washing machine uses between approximately 5 and 20 gallons of water during wash and rinse cycles.  (JCE ¶ 17)

145.    Older washing machines can use as much as 30 gallons of water (and even more) during wash and rinse cycles.  (JCE ¶ 17)

146.    Under normal washing conditions, it is highly unlikely that the preservative used in the White Bottle remains on clothing.  (JCE ¶ 18;  Hofmann MA, et al. *MI (2-methyl-4-isothiazolin-3-one) contained in detergents is not detectable in machine washed textiles*, Clin. Transl. Allergy, 2018; 8:4-9, available at

https://ctajournal.biomedcentral.com/articles/10.1186/s13601-017-0187-2 *accessed on* June 1,

2020 ("[e]ven laundry detergents spiked with artificially high concentrations of [MIT] up to 1000 ppm can be used safely as there are no detectable levels of [MIT] in the washed clothes")).

147.    Even using conservative calculations that take into account more Product being added to a small load in a HE washing machine that goes through wash, rinse and spin cycles, theoretically no more than approximately ███████████████ of combined MIT and MCI residue from the Product could remain on damp laundered items after washing.  And, this miniscule residue, would be before the laundered items are then dried.  (JCE ¶ 19)

148.    Patch testing, generally speaking, is a testing methodology that can be used, among other things, to determine the mildness or gentleness of a product on skin.  (WS ¶ 4)

149.    As part of patch testing, fabric washed in a product is applied directly to a person's skin to see if the skin shows any reaction or irritation.  (WS ¶ 4)

150.    Patch testing relating to the White Bottle took place ███████████████ (WS ¶ 5)

151.    The patch testing was performed by an outside testing company that specializes in and is well-renowned for patch testing.  (WS ¶ 5)

152.    The patch testing done included, among other things, the formulation of the White Bottle that was available for sale at Costco in or around March 2016.  (WS ¶ 5)

153.    ████████████████████████████████ (WS ¶ 5)

154.    ████████████████████████████████ ████████████████████████████████ ██████████████████████████ (WS ¶ 7)



155. ███████████████████████████████████

███████████████████████████████████ (WS ¶ 7)

156. ███████████████████████████████████

███████████████████████████████ (WS ¶ 8)

157. ███████████████████████████████████

█████████████ (WS ¶ 8)

158. ███████████████████████████████████

███████████████████████████████████

████ (WS ¶ 7)

159. ███████████████████████████████████

███████████████████████████████████

███████████████████████████████ (WS ¶ 9)

160. ███████████████████████████████████

████████████████████ (WS ¶ 10)

161.    Plaintiff's expert, Joel G. DeKoven, is not offering any opinion as to the patch testing done by Sun Products.  (JGD Tr. 136:16-137:25)

162.    Plaintiff's expert, Joel G. DeKoven, is not opining that the White Bottle causes irritation to skin.  ("Q. Do you intend to offer any opinion in this case with respect to whether or not All Free Clear Plus liquid laundry detergent causes irritation to skin? A. No.") (JGD Tr. 138:15-20)

163.    Sun Products reviews reports by consumers of "exposure" to the company's products, including the White Bottle.  "Exposure" means a person's skin, eyes, or body being exposed to or coming into contact with a product.  (JD ¶ 3)

164.     A consumer may contact the call center about, among other things, an exposure to one of the company's products.  (JD ¶ 4)

165.     There has been a call center for Sun Products for years, including going back to at least 2014.  (JD ¶ 4)

166.     The vast majority of consumers who contacted Sun Products about the White Bottle raised issues unrelated to Plaintiff's allegations – *e.g.*, a leaking bottle or clothing they said was stained during laundering.  Nationwide, these contacts numbered in the hundreds during a multiyear period when sales of the White Bottle were ███████████ units.  (JD ¶ 5, 10)

167.     There have been very few exposure reports by New York consumers regarding the White Bottle.  (JD ¶ 9; JD Tr. 127:9-128:3)

168.     Between approximately September 2014 and March 2018, there were fewer than 10 exposure reports concerning the White Bottle by New York consumers.  (JD ¶ 9)

169.     Between approximately September 2014 and March 2018, Costco members in New York purchased ██████████ bottles of the White Bottle.  (GC ¶ 33; JD ¶ 9)

170.     Between approximately September 2014 and March 2018, ███████████ ███████ of New York purchases have made reports of product exposure.  (JD ¶ 9)

171.     There have been very few exposure reports nationwide concerning the White Bottle.  (JD ¶ 10; JD Tr. 127:9-128:3)

172.     Between approximately September 2014 and March 2018, when Costco members purchased ██████████ bottles of the White Bottle, there were fewer than 100 exposure reports concerning the White Bottle.  (JD ¶ 10)

173.     Between approximately September 2014 and March 2018, ████████████

█████ of purchases nationwide made reports of product exposure concerning the White Bottle

during this time period.  (JD ¶ 10)

174.     Costco provides multiple avenues for its members to provide feedback regarding

products.  (GC Tr. 180:9-182:4)

175.     Costco's Northeast Buyer has not received or heard of complaints about the White

Bottle coming from New York warehouses.  (GC ¶ 9; GC Tr. 182:6-183:4)

176.     ████████████ of all Costco members who purchased the White Bottle in New

York warehouses between September 23, 2014 and March 5, 2018 did so ███████████ (GC ¶

34)

177.     ████████████ of Costco members who purchased the White Bottle in New York

warehouses between September 23, 2014 and March 5, 2018 purchased the White Bottle ████████

██████████ (GC ¶ 34)

//

//

//

178.   From September 23, 2014 through March 5, 2018, ███████ of White Bottle

purchases at New York Costco warehouses were returned for any reason.  (GC ¶ 35)


Dated:  June 2, 2020                               Respectfully submitted,
        New York, New York
                                                   MANATT, PHELPS & PHILLIPS, LLP


                                                   By:    /s/ Prana A. Topper
                                                       Prana A. Topper
                                                       Ethan D. Roman
                                                       7 Times Square
                                                       New York, NY  10036
                                                       Telephone:  (212) 790-4500
                                                       Facsimile:  (212) 790-4545
                                                       ptopper@manatt.com
                                                       edroman@manatt.com

                                                       Brad W. Seiling (pro hac vice)
                                                       2049 Century Park East, Suite 1700
                                                       Los Angeles, CA 90067
                                                       Telephone:  (310) 312-4000
                                                       Facsimile:  (310) 312-4224
                                                       bseiling@manatt.com

                                                       *Attorneys for Defendants*
                                                       *The Sun Products Corporation and*
                                                       *Costco Wholesale Corporation*