Redacted Version

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAYA EIDELMAN, *on behalf of himself and others similarly situated*,

                Plaintiff,

-against-

THE SUN PRODUCTS CORPORATION & COSTCO WHOLESALE CORPORATION,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/30/2021

No. 16-cv-3914 (NSR)
OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

    Plaintiff Shaya Eidelman brings this proposed class action against the Sun Products Corporation ("Sun Products") and Costco Wholesale Corporation ("Costco") (together, "Defendants"), alleging violations of New York's General Business Law ("GBL") §§ 349 and 350 and unjust enrichment. Presently before the Court is Defendants' motion for summary judgment (ECF No. 82) and Plaintiff's cross-motion for partial summary judgment (ECF No. 83). For the following reasons, Defendants' motion for summary judgment is granted and Plaintiff's cross-motion for partial summary judgment is denied.

## BACKGROUND

    The following facts are derived from the parties' respective Local Rule 56.1 statements and the record and are undisputed unless otherwise indicated.

    Defendant Sun Products manufactures laundry products under the brand name all®. (Defs.' Local Rule 56.1 Statement ("Defs. 56.1") ¶ 1 (ECF No. 91); Pl's Response to Defs' 56.1 ("Pl's 56.1 Resp.") ¶ 1 (ECF No. 85).) Sun Products manufactures laundry detergents that are free of dyes and perfumes ("free and clear" detergents), which the Court will refer to as "all®

1

free clear" detergents. (Defs. 56.1 ¶ 3; Pl's 56.1 Resp. ¶ 3). The parties disagree as to whether "all® free clear" is a brand or a product line within the "all®" brand. (Defs. 56.1 ¶ 3; Pl's 56.1 Resp. ¶ 3). "all® free clear" detergents come in white bottles and their labels include the "all® with stainlifters" logo and a graphic stating "free" of perfumes and "clear" of dyes (the "all® free clear" graphic). (Defs. 56.1 ¶ 4; Pl's 56.1 Resp. ¶ 4).



**Exhibit A- the "all® free clear" graphic**

Defendant Costco is a membership warehouse club. (Defs. 56.1 ¶ 5; Pl's 56.1 Resp. ¶ 5). In late 2014, Costco began selling two all® PLUS+ liquid laundry detergents: (1) all® stainlifter PLUS+ with fragrance in a blue bottle ("Blue Bottle") and (2) all® free clear PLUS+, which is 100% free of dyes and perfumes, in a white bottle ("White Bottle"). (Defs. 56.1 ¶ 12-14; Pl's 56.1 Resp. ¶ 12-14).

The Blue Bottle and White Bottle appear to be the same size and intended to be used for 158 loads of laundry. (Defs. 56.1 ¶ 17-18; Pl's 56.1 Resp. ¶ 17-18).[1] The White Bottle contains the statement "from the #1 Detergent Brand Recommended by Dermatologists for Sensitive Skin" (the "Statement"). (Defs. 56.1 ¶ 2; Pl's 56.1 Resp. ¶ 22; Topper Ex. 1.) The Statement is not on the Blue Bottle. (Defs. 56.1 ¶ 2; Pl's 56.1 Resp. ¶ 22.)

---

[1] Plaintiff objects to this fact on the grounds that it is irrelevant. However, as detailed in this opinion, the Court finds that it is relevant for determining whether Plaintiff was plausibly subject to a price premium.



**Exhibit B- the "Statement"**

On March 8, 2016, Plaintiff, a Costco member, purchased a single White Bottle product (the "Product") from a Costco warehouse on March 8, 2016 for $15.79. (Pl's Local Rule 56.1 Statement ("Pl's 56.1") ¶ 1-2 (ECF No. 104); Defs' Response to Pl's 56.1 ("Defs' 56.1 Resp.") ¶ 1-2 (ECF No. 99)). Plaintiff argues that the Statement on the White Bottle product was misleading in that it caused him to believe the White Bottle was the #1 *product* recommended by dermatologists for sensitive skin, and not merely *from the #1 brand* recommended by dermatologists for sensitive skin. Plaintiff argues that based on the Statement, he purchased the White Bottle over other, less expensive options.

**LEGAL STANDARD**

Summary judgment is appropriate only where "there is no genuine issue as to any material fact . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Thus, summary judgment will not lie where there is a "dispute[] over facts that might affect the outcome of the suit under the governing law" and "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "The Supreme Court has made clear that 'at the summary judgment stage the judge's function is not [] to weigh the evidence and determine the truth of the

matter[.]'" *Westinghouse Elec. Corp. v. N.Y.C. Trans. Auth.*, 735 F. Supp. 1205, 1212 (S.D.N.Y. 1990) (quoting *Anderson*, 477 U.S. at 249). Rather, the relevant inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. In deciding a motion for summary judgment, courts must "constru[e] the evidence in the light most favorable to the non-moving party and draw[] all reasonable inferences in its favor." *Fincher v. Depository Tr. & Clearing Corp.*, 604 F.3d 712, 720 (2d Cir. 2010) (internal citation and quotations omitted).

The moving party bears the initial burden of pointing to evidence in the record "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may also support an assertion that there is no genuine dispute by showing "that [the] adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(B). If the moving party fulfills its preliminary burden, the onus shifts to the non-moving party to identify "specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248 (internal citation and quotation marks omitted).

The party asserting that a material fact is genuinely disputed must support his or her assertion by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1). "Statements that are devoid of any specifics, but replete with conclusions, are insufficient to defeat a properly supported motion for summary judgment." *Bickerstaff v. Vassar Coll.*, 196 F.3d 435, 452 (2d Cir. 1999). In addition, "[t]he mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for [that party]." *Anderson*, 477 U.S. at 252.

4

**DISCUSSION**

Defendants move for summary judgment on the sole ground that Plaintiff fails to show an injury. (ECF No. 92 at 1-2.) Plaintiff cross-moves for partial summary judgment asking the Court to find (1) that the Statement is consumer-oriented under GBL §§ 349 and 350, (2) that the Statement constitutes a deceptive business practice under GBL §§ 349 and 350, (3) that Plaintiff was individually injured, (4) that Plaintiff is entitled to injunctive relief pursuant to his individual GBL claims, and (5) that statutory damages should be assessed in the statutory amounts of $50 and $500 under GBL §§ 349 and 350 respectively. (ECF No. 84.)

**I.     GBL §§ 349 and 350**

Section 349 prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state[.]" N.Y. Gen. Bus. Law § 349(a). A plaintiff asserting a cause of action under Section 349 "must [demonstrate] three elements: first, that the challenged act or practice was consumer-oriented; second, that it was misleading in a material way; and third, that the plaintiff suffered injury as a result of the deceptive act." *Rephen v. Gen. Motors Corp.*, 2016 WL 4051869, at *4 (S.D.N.Y. July 26, 2016) (internal quotation marks and citations omitted). The deceptive act may be a representation or omission. *Braynina v. TJX Companies, Inc.*, 2016 WL 5374134, at *4 (S.D.N.Y. Sept. 26, 2016). The standard for recovery under New York General Business Law § 350 is identical to that of § 349, with the caveat that it is specific to false advertising. *Id.*, at *4 ("The standard for recovery under . . . § 350, while specific to false advertising, is otherwise identical to [§] 349") (citing *Goshen v. Mut. Life Ins. Co. of N. Y.*, 98 N.Y.2d 314, 324 n. 1 (2002)); see N.Y. Gen. Bus. Law § 350 (noting Section 350 prohibits "[f]alse advertising in the conduct of any business, trade or commerce or in the furnishing of any service in this state[.]"). Given this overlap, "courts have found that the

scope of § 350 is as broad as that of § 349 . . . and that its essential elements are the same." *Braynina*, 2016 WL 5374134, at *4 (citing *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015)).

    *A. Injury*

While Plaintiff is not required to prove individual reliance on Defendants' misleading statements to sustain a claim under GBL §§ 349 and 350, Plaintiff must prove that Defendants' deceptive act caused some actual injury. *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, N.A., 85 N.Y.2d 20, 26, 647 N.E.2d 741, 745 (1995); *see also Rodriguez v. It's Just Lunch, Int'l*, No. 07-CV-9227 (SHS) (KNF), 2010 WL 685009, at *9 (S.D.N.Y. Feb. 23, 2010) ("A plaintiff seeking redress through NYGL § 349 must show that the defendant engaged in a material deceptive act or practice that cause actual, although not necessarily pecuniary, harm." (internal quotation marks and citations omitted)); *McCrobie v. Palisades Acquisition XVI, LLC*, 359 F. Supp. 3d 239, 256 (W.D.N.Y. 2019) (finding that abusive debt collection is a "harm in itself," especially when it places "a consumer in immediate fear that he or she may be about to lose his home [or] her income").

    1. Price Premium

Defendants argue that the evidence on the record fails to support Plaintiff's claim that he paid a price premium for the Product. The Court agrees.

"Deception alone cannot constitute 'actual injury' under GBL § 349." *Marshall v. Hyundai Motor Am.*, 334 F.R.D. 36, 59 (S.D.N.Y. 2019). Courts in this district "have routinely held that pecuniary loss arising from the purchase of the defendant's product—e.g., the loss of the purchase price itself—does not constitute an 'actual injury' for the purposes of GBL § 349." *Borenkoff v. Buffalo Wild Wings, Inc.*, No. 16-CV-8532 (KBF), 2018 WL 502680, at *3

(S.D.N.Y. Jan. 19, 2018). *See also DaCorta v. AM Retail Grp., Inc.*, No. 16-CV-01748 (NSR), 2018 WL 557909, at *7 (S.D.N.Y. Jan. 23, 2018) ("[s]imply alleging that a plaintiff 'would not have purchased' the product but for the deceptive practices, is, alone insufficient.").

A plaintiff can demonstrate injury if he is able to show a price premium paid due to the deceptive marketing practices. *DaCorta v. AM Retail Grp., Inc.*, No. 16-CV-01748 (NSR), 2018 WL 557909, at *8 (S.D.N.Y. Jan. 23, 2018). Plaintiff argues that demonstrating the Product lacked "unique" or "intrinsic" qualities is sufficient in and of itself to show injury. (ECF No. 89 at 7.) This argument is unavailing because dermatologists' recommendations are not intrinsic to the product. Indeed, if the dermatologists' recommendations were to change tomorrow, the product would nonetheless remain the same. This is different from cases where deceptive marketing falsely indicates that a product contains a certain ingredient or functions in a certain way. *See DaCorta v. AM Retail Grp., Inc.*, No. 16-CV-01748 (NSR), 2018 WL 557909, at *8 (S.D.N.Y. Jan. 23, 2018) (collecting cases and providing examples of deceptive marketing tied to a unique quality of the product, such as "all natural" where the product contained ingredients that were not natural, "100% olive oil" where the product was not 100% olive oil, and "contains real bacon" where the product did not contain real bacon).

To show a price premium, Plaintiff must offer evidence demonstrating a price difference *because of* the allegedly misleading statement. *Rodriguez v. It's Just Lunch Int'l*, No. 07-CV-9227 (SHS), 2018 WL 3733944, at *5 (S.D.N.Y. Aug. 6, 2018) ("Courts routinely reject price premium methodologies . . . when the proposed methodologies do not attempt to isolate the premium due only to the allegedly misleading marketing statement.") (quoting *In re Scotts EZ Seed Litig.*, 304 F.R.D. 397, 413 (S.D.N.Y. 2015)); *Segovia v. Vitamin Shoppe, Inc.*, No. 14-CV-7061 (NSR), 2017 WL 6398747, at *4 (S.D.N.Y. Dec. 12, 2017) (plaintiff failed to demonstrate

price premium where he did not provide prices of competing products for comparison or testify that but-for the deceptive claims, he would have been unwilling to pay the price of the product). Merely offering comparisons of competitor prices with "no way of linking the price difference, if any, to the allegedly unlawful or deceptive [advertising] or controlling for other reasons why allegedly comparable products may have different prices" is insufficient. *Id.* (citation omitted).

"Calculating a price premium can be as simple as computing the difference between the cost of the second[-]best product in the product class (without a deceiving label) and the cost of the product at issue (with the label)." *Goldemberg v. Johnson & Johnson Consumer Companies, Inc.*, 317 F.R.D. 374, 394 (S.D.N.Y. 2016). Defendants essentially argue that the "second-best product", *i.e.*, the product that is most similar to the White Bottle without the Statement, is either the Blue Bottle or ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.[2]

Despite his extensive history of purchasing only non-"free and clear" detergents from Costco, Plaintiff testified that he purchased the Product because he understood it to be for sensitive skin.[3] As such, the most appropriate comparator products to the White Bottle without

---

[2] The Court disregards Plaintiff's blanket assertions that there are "many other liquid laundry detergent products which are competitive with [the White Bottle]." (*See, e.g.,* ECF No. 84 at 12.) Plaintiff cannot prevail by merely showing the existence of other lower-priced products; instead, he must show a lower-priced product that Plaintiff would have purchased if not for the Statement.

[3] In his declaration, Plaintiff indicated that he "was aware there were other detergents for sale in the laundry detergent aisle which were cheaper than [the Product] and which I could have purchased. However, I purchased [the Product] and was willing to pay the price of $15.79 for [it] due to the fact that [the Product] bottle indicated it was the detergent which was the #1 detergent recommended by dermatologists for sensitive skin." (Eidelman Decl. ¶ 4.)

the Statement are the proposed comparator "free and clear" detergents, *i.e.*, ▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮[4]

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Pl's Ex. 41. *See also* Pl's Ex. 45, 48, 49.) However,

Plaintiff's comparison fails. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[4] Despite suggesting several non-"free and clear" comparator products, Plaintiff himself takes the position that the correct comparator products are "free and clear" products. (ECF No. 84 at 24) (arguing that the White Bottle should not be compared to the Blue Bottle because the Blue Bottle is not a "free and clear" product and "therefore was not a competitor in the free and clear, sensitive skin domain."). The Court notes, however, that even if Plaintiff would have otherwise purchased a non-"free and clear" detergent, he fails to demonstrate a price premium. First, the Blue Bottle is the same size, brand, and washes the same number of loads as the White Bottle. ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Second, Plaintiff's own extensive purchase history of non-"free clear" detergents reveals that Plaintiff only purchased detergents in the past that were more expensive than the White Bottle on both a per bottle and per load basis. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Finally, while Plaintiff proposes comparing the White Bottle to three potential non-"free and clear" detergents—▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮—which he *could* have purchased at a lower price point, the record does not contain any evidence suggesting that he *would* have purchased those products or that these products were appropriate comparator products.

[5] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮

████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

██████████████████ Plaintiff argues that comparing the prices on a per bottle basis is appropriate whereas Defendants argue that the prices should be compared on a per load basis. The Court finds that the proper metric for comparison is a per load basis. Case law is clear that price premium methodologies must "attempt to isolate the premium due only to the allegedly misleading marketing statement." *In re Scotts EZ Seed Litig.*, 304 F.R.D. at 413. A per bottle methodology would not effectively isolate the premium due to the Statement because factors such as size of the bottle and number of loads of laundry supported would be comingled. Further, under a per bottle methodology, plaintiffs would be able to prevail in every price premium case by merely identifying a similar, yet smaller-sized product. This is particularly true in this case where the record reveals that Costco sells detergent products in a large array of varying sizes. (*See* Def's Ex. 33.) Accordingly, the Court finds that, based on the record, Plaintiff is unable to show that there is price premium ██████████████████████████████████████

Because the record does not reflect evidence of a less expensive comparator to the Product, the Court concludes that no reasonable jury could find Plaintiff paid a price premium.[6]

2. Rash

In a footnote in his reply to his cross-motion for partial summary judgment, Plaintiff argues for the first time ████████████████████████████████████████ ████████████████████████████████ (ECF No. 89 at 6.) Plaintiff cannot raise a new theory of injury that he previously failed to articulate in a footnote in a reply brief. *See, e.g., Sec. &*

---

[6] Plaintiff also argues that Defendants later decreased the price of the White Bottle and that a jury could reasonably find Plaintiff *overpaid* due to the decrease. (ECF No. 84 at 20.) Plaintiff offers no citation to authority to support this argument and the Court finds it unpersuasive. The contested issue is not whether Plaintiff *overpaid* for the Product, but whether he paid a premium due to the Statement.

*Exch. Comm'n v. Allaire*, 2019 WL 6114484, at *3 n.1 (S.D.N.Y. Nov. 18, 2019) (citation omitted) ("An argument mentioned only in a footnote is not adequately raised and need not be considered."); *Weslowski v. Zugibe*, 96 F. Supp. 3d 308, 314 (S.D.N.Y. 2015), *aff'd* 626 F. App'x 20 (2d Cir. 2015) (summ. order) (collecting cases and noting where "arguments appear only in footnotes, they are not properly raised, and the Court is under no obligation to consider them"); *Levy v. Young Adult Inst., Inc.*, 103 F. Supp. 3d 426, 441 (S.D.N.Y. 2015) (collecting cases and disregarding arguments raised in footnotes as not properly raised); *ABN Amro Verzekeringen BV v. Geologistics Americas, Inc.*, 485 F.3d 85, 100 n.16 (2d Cir. 2007) ("[W]e decline to consider an argument raised for the first time in a reply brief."); *Sacchi v. Verizon Online LLC*, 2015 WL 1729796, at *1 n.1 (S.D.N.Y. Apr. 14, 2015) (citations omitted) ("Generally, a court does not consider issues raised in a reply brief for the first time because if a party raises a new argument in a reply brief the opposing party may not have an adequate opportunity to respond to it."); *Marshall v. Hyundai Motor Am.*, 334 F.R.D. 36, 59 (S.D.N.Y. 2019) ( Plaintiffs "'chose expressly to confine the relief sought solely to monetary recoupment[,]' and so are not entitled to claim damages resulting from the risk of physical injury.") (quoting *Small*, 698 N.Y.S.2d 615, 720 N.E.2d at 898).

Further, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

\*\*\*

11

Accordingly, the Court finds that, even in viewing the record in the light most favorable to Plaintiff, there is inadequate evidence to show that he sustained an injury due to his purchase of the product. Therefore, the Court grants Defendants' motion for summary judgment as to Plaintiff's GBL §§ 249 and 250 claims.

## II.     Unjust Enrichment

To state a claim for unjust enrichment, the party asserting the claim must demonstrate: (1) the other party was enriched, (2) at the expense of the party asserting the claim, and (3) that it is against equity and good conscience to permit the other party to retain what is sought to be recovered. *Case Properties Servs., LLC v. Columbia Properties Phoenix, L.P.*, 2018 WL 4440509, at *3 (S.D.N.Y. Sept. 17, 2018). Under New York law, an unjust enrichment claim "is available only in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff." *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790 (2012).

Defendants argue that Plaintiff's unjust enrichment claim fails because Plaintiff fails to demonstrate that he paid a price premium and therefore demonstrate that any alleged enrichment was "at the expense of the party asserting the claim." *See In re Whole Foods Market Group, Inc. Overcharging Litigation*, 397 F. Supp. 3d 406, 420 (S.D.N.Y. 2019) (finding that if a plaintiff fails "to identify sufficient evidence to permit a jury to find that [(s)he] suffered any injury from the alleged [GBL §§ 349 or 350 violations] . . . [the plaintiff] is entitled to summary judgment" on unjust enrichment claims because "plaintiff must establish that a benefit has been unfairly conferred on a defendant *to the detriment of the plaintiff*.") The Court agrees. For the same reasons indicated above with respect to Plaintiff's GBL §§ 349 and 350 claims, the Court grants Defendants' motion for summary judgment.

Redacted Version

\*\*\*

Because the Court grants Defendants' motion for summary judgment, the Court denies Plaintiff's cross-motion for partial summary judgment as to Plaintiff's injuries on the merits and as to other elements as moot.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED and Plaintiff's cross-motion for partial summary judgment is DENIED. The Clerk of the Court is respectfully directed to terminate the motions at ECF Nos. 82 & 83, enter judgment in favor of Defendants, and close the case.

Dated: March 30, 2021
      White Plains, New York

SO ORDERED:

NELSON S. ROMÁN
United States District Judge