**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| SHAYA EIDELMAN,<br><br> on behalf of themselves and all others similarly situated,<br><br>        Plaintiff,<br><br><br>   vs.<br><br><br>THE SUN PRODUCTS CORPORATION AND COSTCO WHOLESALE CORPORATION,<br><br>       Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 7:16-cv-03914-NSR |

**PLAINTIFF'S *DAUBERT* MOTION AND MOTION *IN LIMINE* TO**
**EXCLUDE THE OPINION, REPORT, AND TESTIMONY OF DR. KIETH R. UGONE**

**KANTROWITZ, GOLDHAMER**
**& GRAIFMAN, P.C.**
By:  Gary S. Graifman, Esq.
Melissa R. Emert, Esq.
Jay I. Brody, Esq.
16 Squadron Blvd., Suite 106
New City, New York 10956
Telephone: (845) 356-2570

***Attorneys for Plaintiff***

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................1

    A. Background of Plaintiff's Claims ............................................................1
    B. Dr. Ugone's Opinion ..............................................................................3
    C. Summary of Argument ...........................................................................4

II. LEGAL STANDARD .............................................................................................5

    A. Federal Rules of Evidence 403, 702 and 703 .......................................5
    B. The Trial Courts- Gatekeepers ..............................................................6

III. ARGUMENT .........................................................................................................8

    A. Dr. Ugone's Opinion That A&H Free Clear Detergent Is Not A Comparator
       Of AFC+ and His Opinion That The Only Comparator Of AFC+ Sold at Costco Is
       "The Blue Bottle" Must Be Excluded In This Case ................................8

        1. Dr. Ugone's Opinion That A&H Free Clear Is Not A Comparator Must Be
           Excluded ................................................................................8
        2. Dr. Ugone's Opinion That The Blue Bottle Is The Only Comparator
           Of AFC+ Must Be Excluded In This Case ..................................10
        3. Dr. Ugone Has Given No Legitimate Reason For Failing to Consider A&H
           Free Clear As A Comparator Of AFC .........................................11
        4. The Blue Bottle is Not A Comparator to AFC+ and Thus Dr. Ugone's
           Report And Testimony Contrary To Any Extent Must Be Excluded In This
           Case ......................................................................................12

    B. Dr. Ungone's Opinion That Individualized Inquiry Is Required to Establish
       ClassWide Damages Is Contrary To The Applicable Law In This Case And Must Be
       Excluded ................................................................................13

IV. CONCLUSION ..................................................................................................16

# TABLE OF AUTHORITIES

Page(s)

Cases

*Boucher v. U.S. Suzuki Motor Corp.*,
   73 F.3d 18 (2d Cir. 1996) ......................................................................................... 12

*Capri Sun GmbH v. Am. Beverage Corp.,*
   595 F. Supp. 3d 83  (S.D.N.Y. 2022) ................................................................... 10, 11

*Comcast Corp. v. Behrend,*
   569 U.S. 27 (2013) .............................................................................................. 19, 20

*Daubert v. Merrell Dow Pharms.*,
   509 U.S. 579 (1993) .................................................................................... 5, 9, 10, 11

*Eidelman v. Sun Products Corp.*,
   2022 WL 1929250 (2d Cir. June 6, 2022)........................................................ 6, 14, 18

*Goldemberg v. Johnson & Johnson Consumer Companies, Inc.,*
   317 F.R.D. 374, 396 (S.D.N.Y. 2016)................................................................ 19, 20

*Guido v. L'Oreal, USA, Inc.*,
   2013 WL 3353857 (C.D. Cal. July 1, 2013).............................................................. 19

*Hasemann v. Gerber Products Co.*,
   331 F.R.D. 374, 396 (S.D.N.Y. 2016).......................................................................19

*In re Amla Litig.*,
   320 F. Supp. 3d 578 (S.D.N.Y. 2018) ................................................................. 18, 19

*In re Bextra & Celebrex Mktg. Sales Practices & Prod. Liab. Litig.*,
   524 F. Supp. 2d 1166 (N.D. Cal. 2007)..................................................................... 11

*In re Lipitor Prods. Liab. Litig.*,
   185 F.Supp.3d 761 (D.S.C., 2016) ............................................................................12

*In re Mirena Ius Levonorgestrel-Related Products Liab. Litig. (No. II,*
   341 F. Supp. 3d 213 (S.D.N.Y. 2018) ...................................................................... 11

*In re Rezulin Products Liab. Litig.*,
   309 F.Supp.2d 531 (S.D.N.Y.2004) .......................................................................... 12

*In re Scotts EZ Seed Litig.*,
   304 F.R.D. ................................................................................................................ 18

*LVL XIII Brands, Inc. v. Louis Vuitton Malletier S.A.*,
   209 F. Supp. 3d 612 (S.D.N.Y. 2016) .................................... 11

*Nemes v. Dick's Sporting Goods, Inc.*,
   2019 WL 3982212 (S.D.N.Y. Aug. 23, 2019) ......................... 11, 13

*Oswego Laborers' Loc. 214 Pension Fund v. Marine Midland Bank, N.A.*,
   85 N.Y.2d 623 N.Y.S.2d 529, 647 N.E.2d 741 ....................... 18

*Shatkin v. McDonnell Douglas Corp.*,
   727 F.2d 202 (2d Cir. 1984) ................................................. 12

*Sykes v. Mel S. Harris & Associates LLC*,
   780 F.3d 70, 80 (2d Cir. 2015) ............................................ 19

*Trouble v. Wet Seal, Inc.*,
   179 F. Supp. 2d 291 (S.D.N.Y. 2001) .................................. 12

*United States v. Pryor*,
   474 F. App'x 831 (2d Cir. 2012) ......................................... 10

*Wills v. Amerada Hess Corp.*,
   379 F.3d 32 (2d Cir. 2004) ................................................. 10

Statutes

New York GBL §§ 349-350 ..................................................... 19
Pub. L. 93–595, §1 ................................................................. 9

Rules

Fed. R. Evid. 702 .................................................................. 10, 12
Federal Rule of Evidence 703 ................................................ 10
Federal Rules of Evidence 403, 702 and 703 ......................... 2, 5, 9, 11

**PRELIMINARY STATEMENT**

Plaintiff, Shaya Eidelman ("Plaintiff"), on behalf of himself and all others similarly situated, by his undersigned counsel, moves to exclude the report, testimony and opinions of Defendant's expert economic witness, Dr. Keith R. Ugone ("Ugone" or "Dr. Ugone"), because they fail to meet the standard for admissibility under *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579 (1993) and because they are irrelevant, more prejudicial than probative, and risk confusing the issues and misleading the jury. *See* Fed. R. Evid. 403.

## I.  INTRODUCTION

### 1. Background of Plaintiffs' Claims

Plaintiff seeks to represent a class of consumers who purchased All Free Clear Plus ("AFC+") bottles of detergent in New York Costco stores. As discussed in more detail in Plaintiff's Motion for Class Certification[1], AFC+ bottles contain an express claim that AFC+ is "from the #1 brand recommended by dermatologists" ("Label Claim"). Plaintiff has alleged and gathered evidence demonstrating that this consumer Label Claim is false and/or misleading to the objective reasonable consumer and caused injury to all purchasers in the form of a price premium. In connection with this deception, Plaintiff asserts claims against Defendants, The Sun Products Corporation ("Sun Products") and Costco Wholesale Corporation ("Costco") for violation of GBL 349 & 350. Plaintiff also asserts a claim against Defendant Costco for unjust enrichment.

Defendant previously moved for summary judgment asserting that Plaintiff suffered no damages because the only comparative product to demonstrate a price premium that could

---

[1] Served on October 14, 2022 and to be filed herein under the Court's bundle rule.

possibly exist was Sun's other, *non-free clear*, product sold at Costco, which was the All Stainlifter Plus product, sold in a blue bottle and referred to by Defendants as the "Blue Bottle." However, Defendants' argument was fatally flawed since there were other, more appropriate comparators which would demonstrate a price premium was charged, including a competitive product which Defendants themselves admitted was a competitive liquid laundry detergent, being the Arm & Hammer Free Clear detergent, sold at a cheaper price than the AFC+.

Defendants, ███████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████

With regard to the damages issue, the Second Circuit, in *Eidelman v. Sun Products Corp*., 2022 WL 1929250 (2d Cir. June 6, 2022) rejected the Defendants' theory that the only comparator could be the so-called "blue bottle." The Court held in relevant part:

> Accordingly, A&H Free Clear was a competitor "free and clear" detergent that retailed at a lower price than the White Bottle, but did not contain the allegedly misleading advertising statement at issue in this case. The central question therefore is whether the higher price can be attributed, in whole or in part, to that advertising statement. On the cross motions for summary judgment, Plaintiff presented evidence of Defendant's internal communications implying that the Defendants could charge a higher price because of the allegedly misleading claim, among other factors, and reflecting that Defendants assigned considerable value to the claim that they allegedly used in a deceptive manner. Especially in light of this evidence, a reasonable jury could conclude that some of the price premium which Eidelman paid was attributable to Defendants' alleged deception and Eidelman was therefore injured within the meaning of §§349 and 350.

The Second Circuit further held:

> The purpose of proffering a lower-priced comparator product that is not marketed in the way that a plaintiff alleges is deceptive is to provide a reference point from which to establish that a plaintiff "paid more than [he] would have

2

for the good but for the deceptive practices of the defendant-sellers." Id. The presence or absence of a price premium attributable to a defendant's alleged deception is objective and does not depend on whether a plaintiff could have or would have, in fact, purchased a lower-priced, truthfully marketed alternative.

Unfortunately for Dr. Ugone, before the Second Circuit rendered its decision as to damages, he committed himself to follow the Defendants' lead, hook line and sinker, by espousing the wholly wrong theory and, in doing so, excluded any consideration of the A&H Free Clear product in assessing damages.  In fact, Dr. Ugone ████████████████████████ ████████████████████████████████████ What Dr. Ugone did was take Defendants' argument as to damages, dress it up in an attempted pseudo-opinion which was no more than reverse-engineering Defendants' arguments, and reciting the conclusion Defendants wanted him to reach.

Plaintiff's expert has stated that he could determine classwide damages using the tried and true methodology of a choice-based conjoint, but until he conducted the actual conjoint, could not commit to having determined what that amount, if any, would be.  In contrast, Ugone has inappropriately committed himself to a narrow, ill-conceived theory, which as noted by the Second Circuit, is no viable theory at all.  Because his analysis excluded appropriate comparators and simply endeavored to reverse-engineer the Defendant's sought-after conclusion in the form of an "opinion," rather than assess the relevant evidence identified by the Second Circuit, his opinion is unreliable, irrelevant and rendered in bad faith.

Dr. Ugone committed himself to follow Defendants' lead by reverse-engineering an opinion to satisfy their ill-conceived rationale.  Unfortunately for Dr. Ugone and Defendants that theory has turned out to be wholly incorrect as a matter of law.  Accordingly, his opinion has no indicia of reliability and must be stricken by the Court.

## 2.  Dr. Ugone's Opinion

For one singular goal on behalf of the Defendants, Dr. Ugone came to three overarching opinions to reach that goal:

*First*, to determine how the A&H Free Clear detergent can be excluded as a comparator of the White Bottle;

 *Second*, to devise and compose explanations to rationalize his ersatz comparison of the *all*® Stainlifter Plus detergent (the "Blue Bottle") to the *all*® AFC+ detergent to reach an engineered conclusion that it could serve as the sole comparator to AFC+;

*Third,* claiming that there can be no price premium with regard to AFC+ when compared to solely the Blue Bottle.

## 3. Summary of Argument

Dr. Ugone's opinion  that the A&H  Free Clear detergent is not a comparator of AFC+  *and* his opinion that the only comparator of AFC+ is "the blue bottle" must be excluded in this case. Dr.  Ugone's opinion that A&H Free Clear detergent is not a comparator of AFC+ must be excluded in this case because there is substantial evidence, including Defendants' own admissions against interest that it was a competitive product, as well as the obvious attributes that make it so, demonstrate his rejection of A&H Free Clear as a comparator product cannot be sustained.  Dr. Ugone's opinion that the blue bottle is the only comparator of AFC+ must be excluded  in  this case.  Moreover, Ugone's opinion that individualized inquiry is required to establish class-wide damages is contrary  to  the  facts and the controlling  law and must be excluded  Dr. Ugone's opinions  faulting  choice-based  conjoint  analysis  methodology  of  plaintiff's  expert  Stefan Boedeker  must  be excluded because that very same proposed methodology has been accepted by numerous Courts across the country to show class-wide damages in deceptive consumer products

cases  Dr. Keith Ugone must be excluded as an expert witness in this case under federal rules of evidence 403, 702, 703, and the standard applicable under *Daubert*.

## II.  <u>LEGAL STANDARD</u>

Plaintiff's Cross-Motion *In Limine* must be granted to exclude opinions of Defendants' proposed expert Keith R. Ugone as to both his report and testimony pursuant to the standards in Federal Rules of Evidence 403, 702 and 703; under *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993) ("*Daubert*").

### 1.  <u>Federal Rules of Evidence §§ 403, 702 and 703:</u>

Federal Rule of Evidence §403, "Excluding Relevant Evidence for Prejudice, Confusion, Waste of Time, or Other Reasons" states:

> The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, *confusing the issues, misleading the jury*, undue delay, wasting time, or needlessly presenting cumulative evidence.

(Emphasis added.) (Pub. L. 93–595, §1, Jan. 2, 1975, 88 Stat. 1932; Apr. 26, 2011, eff. Dec. 1, 2011.)

Federal Rule of Evidence §702. "Testimony by Expert Witnesses" states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise *if*:
>
> (a) the expert's scientific, technical, or other specialized knowledge *will help the trier of fact to understand the evidence or to determine a fact in issue;*
>
> (b) *the testimony is based on sufficient facts or data;*
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods *to the facts of the case.*

(Emphasis added.) (Fed. R. Evid. 702, as amended Apr. 17, 2000, eff. Dec. 1, 2000; Apr. 26, 2011, eff. Dec. 1, 2011.)

**Federal Rule of Evidence 703**. "Bases of an Expert's Opinion Testimony" states: An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed. If experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion on the subject, they need not be admissible for the opinion to be admitted. But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially out-weighs their prejudicial effect.

(Emphasis added.) (Fed. R. Evid. 703, as amended Mar. 2, 1987, eff. Oct. 1, 1987; Apr. 17, 2000, eff. Dec. 1, 2000; Apr. 26, 2011, eff. Dec. 1, 2011.)

## 2.  **The Trial Courts as Gatekeepers**

"Trial courts serve as gatekeep[ers], responsible for ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Capri Sun GmbH v. Am. Beverage Corp.*, 595 F. Supp. 3d 83, 119 (S.D.N.Y. 2022) (citing *Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579*, 597 (1993) and *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 48 (2d Cir. 2004)). Under Federal Rule of Evidence 702, the party seeking to admit expert testimony must show that, "(1) 'the testimony is based on sufficient facts or data,' (2) 'the testimony is the product of reliable principles and methods,' and (3) 'the expert has reliably applied the principles and methods to the facts of the case.'" *United States v. Pryor*, 474 F. App'x 831, 834 (2d Cir. 2012) (summary order) (quoting Fed. R. Evid. 702). "The proponent of the expert's testimony must further show that (4) the testimony is relevant and will assist the jury." *Capri Sun GmbH,* at 119. *See also Nemes v. Dick's Sporting Goods, Inc.*, 2019 WL 3982212, at *2 (S.D.N.Y. Aug. 23, 2019).

Specifically, regarding relevance, courts are tasked to ensure that an expert's testimony "'fits' the facts of the case." *LVL XIII Brands, Inc. v. Louis Vuitton Malletier S.A.,* 209 F. Supp. 3d 612, 641 (S.D.N.Y. 2016) (quoting *Daubert*, 509 U.S. at 591–92). "Even where the expert's

method is reliable, [his] testimony may fail *Daubert*'s fit requirement where (1) [his] data is materially different from the data relevant to the facts of the case, (2) the expert has failed to consider the necessary factors or based the analysis upon a faulty assumption, or (3) the expert's methodology [was] transposed from one area to a completely different context, and there is no independent research supporting the transposition." *Capri Sun GmbH v. Am. Beverage Corp.*, 595 F. Supp. 3d at 120.

Ultimately, "[t]he proponent of expert testimony  must establish its admissibility by a preponderance of the proof." *Nemes v. Dick's Sporting Goods, Inc., 2019 WL 3982212, at *2*. And "as with all evidence, under Rule 403, the Court may exclude testimony if its probative value is substantially outweighed by the danger of unfair prejudice, confusion, or delay." (citation and quotation omitted).

An expert opinion reached by first identifying a conclusion "and then cherry-picking observational studies that support [that] conclusion and rejecting or ignoring the great weight of the evidence that contradicts" that conclusion, "does not reflect scientific knowledge, is not derived by the scientific method, and is not 'good science;' it is therefore inadmissible." *In re Bextra & Celebrex Mktg. Sales Practices & Prod. Liab. Litig.*, 524 F. Supp. 2d 1166, 1176 (N.D. Cal. 2007); *In re Mirena Ius Levonorgestrel-Related Products Liab. Litig. (No. II)*, 341 F. Supp. 3d 213, 252 (S.D.N.Y. 2018), *aff'd sub nom. In re Mirena IUS Levonorgestrel-Related Products Liab. Litig. (No. II),* 982 F.3d 113 (2d Cir. 2020) (rejecting expert opinion where expert consciously engaged in picking and choosing favorable reports while "brushing aside" those which don't support his desired conclusion); *Companhia Energetica Potiguar v. Caterpillar Inc.,* No. 14-CV-24277, 2016 WL 7507848, at *9 (S.D.Fla. Aug. 1, 2016) (rejecting expert's opinion who improperly disregarded viable alternatives in his opinion).

Throughout his analysis, Ugone displays blind reliance upon Defendants' flawed sources that he believes are supportive of his conclusion and summarily dismisses as flawed any sources that provide evidence of a price premium in violation of the Second Circuit's analysis. Worse, he employs blind reliance of Defendants' flawed conclusion that the "blue bottle" is the sole comparator and then builds his pseudo-analysis around that. This approach is not "good science," and the opinions derived therefrom are inadmissible.

Fundamentally, an expert "cannot have it both ways and produce a reliable opinion under Rule 702." *In re Lipitor Prods. Liab. Litig*., 185 F.Supp.3d 761, 780 (D.S.C., 2016), citing *In re Rezulin Products Liab. Litig*., 309 F.Supp.2d 531, 563 (S.D.N.Y.2004) ("[The expert's] selectivity in defining the universe of relevant evidence thus violated his own standard of proper methodology.")

"Expert testimony should be excluded 'if it is speculative or conjectural, or if it is based on assumptions that are so unrealistic and contradictory as to suggest bad faith ....'" *Trouble v. Wet Seal, Inc*., 179 F. Supp. 2d 291, 302 (S.D.N.Y. 2001) (quoting *Boucher v. U.S. Suzuki Motor Corp*., 73 F.3d 18, 21 (2d Cir. 1996)); *see also Shatkin v. McDonnell Douglas Corp*., 727 F.2d 202, 208 (2d Cir. 1984). Dr. Ugone's testimony is based on unrealistic assumptions that run directly contrary to the Second Circuit opinion in this matter, and as such must be excluded.

## III. ARGUMENT

### OPINIONS OF DEFENDANTS' PROPOSED EXPERT DR. UGONE IN HIS REPORT AND TESTIMONY MUST BE EXCLUDED IN THIS CASE

A.    Dr. Ugone's Opinion That A&H Free Clear Detergent Is Not A Comparator Of AFC+ and His Opinion That The Only Comparator Of AFC+ Sold at Costco Is the "Blue Bottle" Must Be Excluded In This Case

1. <u>Dr. Ugone's Opinion that A&H Free Clear is Not a Comparator Must Be Excluded</u>:

8

In his report and testimony opposing Plaintiff's proof of class-wide damages in the form of a price premium attributed to the alleged deceptive label in the purchase of the subject *all*® Free Clear Plus detergent, Dr. Ugone excluded the Arm & Hammer Plus Oxi Free & Clear ("A&H Free Clear") detergent as a comparator for AFC+.  Plaintiff has contended that the A&H Free Clear detergent, which does not have the alleged deceptive label, is one proper comparator (of various others) of the subject AFC+.  The Second Circuit agreed in holding:

> Arm & Hammer Plus Oxi Free & Clear ('A&H Free Clear') detergent—one of Eidelman's proposed comparators—sells at a lower price per bottle and per load of laundry, and that internal Sun communications reflect that it is a primary competitor for the White Bottle product. . . . The district court therefore erred by dismissing A&H Free Clear as a comparator and thus by granting Defendants' motion for summary judgment as to the injury element of Eidelman's §§ 349 and 350 claims. [2] Accordingly, A&H Free Clear was a competitor "free clear" detergent that retailed at a lower price than the White Bottle, but did not contain the allegedly misleading advertising statement at issue in this case.

*Eidelman v. Sun Prods. Corp*., 2022 WL 1929250 at *1 (2d Cir. June 6, 2022)

---

[2] The Second Circuit noted: "The district court acknowledged that Arm & Hammer Plus Oxi Free & Clear ("A&H Free Clear") detergent—one of Eidelman's proposed comparators—sells at a lower price per bottle and per load of laundry, and that internal Sun communications reflect that it is a primary competitor for the White Bottle product" but [that the Lower Court] "rejected Eidelman's comparison because A&H Free Clear was not sold at the Costco store Eidelman visited on the day he purchased the detergent at issue in this litigation."  The Second Circuit went on to hold that "[t]he purpose of proffering a lower-priced comparator product that is not marketed in the way that a plaintiff alleges is deceptive is to provide a reference point from which to establish that a plaintiff 'paid more than [he] would have for the good but for the deceptive practices of the defendant-sellers.'" *Id.* at *1.

However, Ugone, made the strategic mistake of committing himself to Defendants' erroneous position that A&H Free Clear could not be a comparator and, as such, his entire opinion is flawed in its foundational assumptions and must be excluded.  It is clearly inconsistent with the holding of the Second Circuit which found that A&H Free Clear is a comparator and a competitor of AFC+.  Plaintiff's Motion *In Limine* must be granted so that any and all of Dr. Ugone's opinions in both his report and his testimony are excluded in this case as wholly inconsistent with the holding of the Second Circuit that A&H Free Clear is a comparator and a competitor of AFC+.

**2.    Dr.  Ugone's Opinion That the Blue  Bottle is the  Only  Comparator to AFC+ Must Be Excluded in This Case**

Other than his blind allegiance to Defendants' flawed arguments, Dr. Ugone does not give any clear reasons in his report or testimony for excluding the A&H Free Clear detergent as a comparator to AFC+ which would demonstrate, in fact, a price premium attributed to its deceptive label as alleged.  Instead, Dr. Ugone recites superfluous data that he glosses over with general statements which do not support exclusion of the A&H Free detergent as a comparator of AFC+.[3]  Those superfluous data and general statements of Dr. Ugone

refers to are designed to serve the first of his three causally linked opinions in his report and testimony in order to reach his third and final flawed opinion for the Defendants to prevail in this case.[4]

### 3. Dr. Ugone Has Given No Legitimate Reason For Failing to Consider A&H Free Clear As A Comparator to AFC+

Ugone's attempted rationale for excluding the A&H Free Clear as a comparator to AFC+ was his deliberate decision to *only* consider detergent products that were, in his view, ████████ ██████████████████████████████████████████████████████████████████████████

He gives no scientific authority or plausible reasoning whatsoever for doing so.  Instead, he only references vacuous facts that have no logical connection to his decision to exclude the A&H Free & Clear (Exh. 1, Ugone Decl. VII.B. at 25-28 para. 34.a.i,a.ii., at 25).  ████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████ which products are *completely different*

*forms of detergent products with no relation to this case whatsoever for any legitimate purpose!*

---

[4] These are, *first*, to obfuscate his wrong and spurious decision to exclude the A&H Free Clear as a  comparator to the AFC+ detergent; *second*, to serve Dr. Ugone's false opinion that the all® Stainlifter Plus detergent is the only comparator detergent to AFC+ sold by New York Costco stores during the class period; and *third*, because Dr. Ugone claims he found no price premium with respect to AFC+ when he compared Costco's retail sales prices of the that product to his ersatz comparator, the Blue Bottle.  He then fallaciously bootstraps that to conclude that there cannot be common proof of class-wide damages in this case.

*Id.*, 34. b., Fig. 5 and Fig. 6, at 28-30.[5]  Because the resulting shuffle placed A&H Free Clear

behind the sales of powder and pods, Ugone used that reasoning to refusing to consider A&H

Free & Clear as a comparator to AFC+, even though Defendants themselves identified it as a

clear competitive Free Clear product.

### 4.  The Blue Bottle is Not a Comparator to AFC+ and Thus Dr. Ugone's Report And Testimony Contrary Thereto Must Be Excluded in This Case

Dr. Ugone's deliberate decision without any justification to erroneously and summarily

exclude the A&H Free Clear as a comparator detergent to AFC+ is in stark contrast to his

protracted and painstaking attempt to explain away his false opinion that the *all®* Stainlifter Plus

detergent is his *only laundry detergent product sold at Costco that could be is a comparator* for

*the subject* AFC+ detergent.   In fact, Dr. Ugone spends more time and space on the so-called Blue

Bottle in his "report" (Exh. 1 Ugone Decl./Ugone Dep.) than any other subject matter attempting

to explain and support his unexplainable comparison.[6]

In truth, the *non-Free Clear* Stainlifters and the AFC+ detergent couldn't be more different

in their major features/attributes making them completely unsuitable as comparators to determine

if AFC+ is sold at a price premium.  In contrast, when compared to actual comparative products a

price premium can, in fact, be attributed to its deceptive Label Claim as alleged.  ██████████

████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████  The

only common attributes are the liquid volume of the detergents of 237 ounces with for 158 loads

---

[6] Spanning 49 of the 70 pages and referred to in 64 places multiple times on 17 pages.

of laundry.  Dr. Ugone wrongly concluded based on those sole common attributes that the Blue

Bottle is the sole comparator for AFC+.  ████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████

Yet, Dr. Ugone so concluded and characterized the two different products *despite the major*

*distinctions of the two separate products.*  Most notably, AFC+ is a "Free Clear" detergent "free

of dyes and clear of perfumes," while the Blue Bottle, with different formulae, is ***not*** a Free Clear

detergent free of dyes and clear of perfumes — ████████████████████████████████

████████████████████████████████████████████████████████████████████████████

Dr. Ugone gave insufficient and flawed reasoning as support for his opinions and characterization

that the Blue Bottle is a comparator of the AFC+ detergent.   Accordingly, those opinions of Dr.

Ugone to any extent so characterizing and categorizing the Blue Bottle and AFC+ must be

excluded in this case.


**B.  Dr. Ugone's Opinion That Individualized Inquiry Is Required to Establish ClassWide Damages Is Contrary To The Applicable Law In This Case And Must Be Excluded**

Building on his wrongheaded analysis, Dr. Ugone spends significant time in both his

Declaration (Exh. 1) and his testimony (Exh. 2) falsely asserting that individual inquiry of the

putative class members is required for proof of damages in this case.  He also makes that erroneous

assertion repeatedly as a basis for his flawed criticisms of Plaintiff's damages expert, Stefan

Boedeker.  Controlling case law demonstrates that individual inquiry is not required under the facts

of this case because the evidence for proof of both liability and damages is the same for all putative members and perfectly suitable for class-wide application. No individual inquiry is required because under the "objective test" to be applied, there is class-wide objective proof of liability and of damages. *See*, *Goldemberg* at 389 (quoting *Oswego*, 85 N.Y.2d at 26, 623 N.Y.S.2d 529, 647 N.E.2d 741. Here, the objective proof of liability can be based on the deceptive Label Claim on the AFC+ product and the ample evidence established in this case demonstrating liability is a decision for the trier of fact (*e.g.*, see discussion of the Second Circuit in *Eidelman, supra* at *1-2). As to proof of class-wide damages, Plaintiff will show a price premium paid on purchase of AFC+ using both Defendant's own admissions as to the existence of cheaper competitive products (*e.g.,* A&H Free Clear) and by demonstrating through a conjoint analysis that consumers pay a premium based upon the false Label Claim.

In New York consumer fraud cases, §§ 349 and 350 of the GBL do not contain a reliance requirement, and therefore they will not require an individual determination of how a particular advertisement affected each putative class member. *In re Scotts EZ Seed Litig*., 304 F.R.D. at 409. The individual consumer's expectations and experience have no bearing on liability or damages since, "courts regularly certify classes alleging § 349 violations when the injury was payment of a price premium." *In re Amla Litig.*, 320 F. Supp. 3d 578, 592-93 (S.D.N.Y. 2018) (collecting cases). In this case, the class claims relate to the purchase of a single product, uniform labeling, and a prominently-exposed, frontal label claim which contains design features guaranteeing its exposure to all class members, common proof will be even more appropriate in order to address the factual issues underlying class members' claims. *See Hasemann*, 331 F.R.D. at 274-275; *See also Goldemberg*, 317 F.R.D. at 389 ("Assuming the product and its labeling and packaging remains constant and is uniform between consumers, then the only question is how such packaging would

have influenced a consumer under the objective test."). If there is a price premium attributable to the uniform label misrepresentation for Plaintiff, there will also be one for all class members. *In re Amla*, at 592 ("If there is a price premium, then every purchaser of the kit paid more than they otherwise would have, so every purchaser was injured."). And the precise amount of that premium does not matter: Because each bottle sold for under $50, the damages for every class member will be $50 per violation for §GBL 349 and $500 per violation for § 350. There is no need to quantify the actual pecuniary damages. *Stutman v. Chemical Bank, supra*; *Goldemberg*, at 393 (citing to *Sykes*, 780 F.3d at 88); *See, Guido v. L'Oreal, USA, Inc.*, No. 11-1067, 2013 WL 3353857, at *16 (C.D. Cal. July 1, 2013) (New York GBL §§ 349-350 damages are statutory and thus "no individualized damages inquiries are necessary for the New York class."). *See In re Amla Litig., supra*, at 591-92 (because the product at issue "costs less than $50, so the statutory damages would necessarily be more than any price premium.

Even if class members were required to prove actual damages by quantifying the amount of the premium, class certification would still be appropriate. Plaintiff has submitted a report from his damages expert (Stefan Boedeker, Managing Director at BRG) which identifies a classwide method of calculating the premium—the widely excepted conjoint analysis, which isolates the amount of the purchase price that is attributable to a particular feature (here, the #1 Recommendation claim). The Supreme Court in *Comcast Corp. v. Behrend*, 569 U.S. 27 (2013) held that a damages model must establish only "that damages are capable of measurement on a classwide basis" and must be consistent with the plaintiff's liability case. *Id*. at 34–35 (citation omitted). Plaintiff's proposed damage model matches his theory of liability because Dr. Boedeker's proposed conjoint analysis is an economically reliable methodology to determine the amount of premium attributable to the #1 Recommendation claim—nothing else. See Boedeker

Report, Exh. 35; *See Goldemberg*, 317 F.R.D. at 396. *Comcast* requires no more. *See Goldemberg*, 317 F.R.D. at 394 (approving a model "designed to discern the value associated with individual attributes of a given product ... and then separate the value of the [allegedly misleading labeling]…" and noting "other district courts have concluded that translating a partworth, *i.e.*, the 'relative importance' of a particular attribute into a price premium satisfies *Comcast*."). Accordingly, all of Dr. Ugone's erroneous assertions and references to individual inquiry, past and future, must be excluded.

Dr. Ugone renders the opinion in both his report[7] and his testimony[8] that the only way to prove the existence of and quantify class-wide damages in this case is by an "individualized inquiry"—meaning that the plaintiffs must determine *all the factors which motivated each and every one of the purchasers to buy the AFC+ detergent at Costco during the class period*. This opinion has been flatly rejected by the courts, and is another one of his opinions that Dr. Ugone has designed with the singular objective preclude Plaintiff's proposed proof of class-wide damages. acceptable as a methodology to determine class-wide damages in the form of a price premium attributed to the alleged deceptive Label Claim on AFC+. Dr. Ugone's opinion that an "individualized inquiry" of the reasons that motivated each and every one of the purchasers to buy the AFC+ detergent at Costco during the class period is necessary to show class-wide damages is wrong-headed as it relies on "motivation, in other words "reliance." However, as noted, reliance is not an element of the claims herein. Accordingly, his improper opinions must be excluded.

---

## <u>CONCLUSION</u>

For the reasons set forth herein, Plaintiff respectfully requests that the Court the within motion to exclude the opinions requested herein of Dr. Keith Ugone expert on behalf of the Defendants.

Dated: January 9, 2023
        New City, New York

Respectfully submitted,

**KANTROWITZ, GOLDHAMER**
**& GRAIFMAN, P.C.**
Gary S. Graifman, Esq.
Melissa R. Emert, Esq.
Jay I. Brody, Esq.
16 Squadron Blvd., Suite 106
New City, New York 10956
Telephone: (845) 356-2570

*Attorneys for Plaintiff*